## Huston, Appellant, *v.* Freemansburg Borough.

*Negligence—Damages—Fright—Mental suffering.*

In an action of trespass to recover damages for injuries sustained by the negligent act of another, there can be no recovery of damages from fright or other merely mental suffering unconnected with physical injury.

Argued March 7, 1905.    Reargued May 11, 1905.    Appeal, No. 59, Jan. T., 1905, by plaintiff, from order of C. P. Northampton Co., Dec. T., 1903, No. 36, refusing to take off nonsuit in case of Sarah Elizabeth Huston v. Freemansburg Borough. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ.    Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before SCOTT, J.

At the trial the court entered a compulsory nonsuit on the ground that the injuries sustained were from fright or shock alone, unaccompanied by any injury to the person.

From the record it appeared that on May 11, 1903, the defendant borough in excavating a hole in a street exploded some dynamite and it was claimed that the shock of the explosion so affected George M. Huston, plaintiff's husband, who was recovering from typhoid fever, that he died within two weeks.

*Error assigned* was refusal to take off nonsuit.

*Harry C. Cope,* for appellant.—The leading English case, Victorian Ry. Commrs. v. Coultas L. R. 13 App. Cases, 222, which is authority for all the others in this country, has been dissented from and has not been followed in the recent English case of Dulieu v. White & Sons, L. R. 2 K. B. (1901) 669, which is fully commented on and partly quoted in Homans v. Boston Elev. Ry. Co., 180 Mass. 456 (62 N. E. Repr. 737). All the above leading cases are fully reviewed and discussed here. The case of North German Lloyd Steamship Co. v. Wood, 18 Pa. Superior Ct. 488, recognizes that it is a fact that "the nervous system is a part of the physical organization."

The rule was condemned in Gulf, etc., Ry. Co. v. Hayter, 47 L. R. A. 325 (Supreme Court of Texas) ; Watkins v. Mfg. Co., 131 N. C. 536 (42 S. E. Repr. 983) ; Cameron v. New England Tel., etc., Co., 182 Mass. 310 (65 N. E. Repr. 385) ; Smith v. Tel. Cable Co., 47 L. R. A. 323 ; 1 Sutherland on Damages, sec. 21 ; 1 Beven on Negligence, 76.

*Russell C. Stewart,* for appellee.—There can be no recovery for injuries resulting from shock : Fox v. Borkey, 126 Pa. 164 ; Ewing v. Ry. Co., 147 Pa. 40 ; Linn v. Duquesne Boro., 204 Pa. 551 ; Mitchell v. Ry. Co., 151 N. Y. 107 (45 N. E. Repr. 354) ; Spade v. R. R. Co., 168 Mass. 285 (47 N. E. Repr. 88) ; Ward v. R. R. Co., 47 Atl. Repr. 561 ; Smith v. Telegraph Cable Co., 174 Mass. 576 (55 N. E. Repr. 380) ; White v. Sander, 168 Mass. 296 (47 N. E. Repr. 90).

OPINION BY MR. CHIEF JUSTICE MITCHELL, June 22, 1905 :
The learned judge below not admitting, but conceding for

the purpose of his view, that there was evidence of negligence and of proximate cause, sufficient to carry the case to the jury, nevertheless refused to take off the nonsuit. We do not concede either point, and this case might be affirmed on either. But we have had the case reargued before the full court, to settle finally the main question that there can be no recovery of damages from fright or other merely mental suffering unconnected with physical injury.

The principle was really decided in Fox v. Borkey, 126 Pa. 164, and has been confirmed and enforced in Ewing v. Pittsburgh, etc., Ry. Co., 147 Pa. 40, and Linn v. Duquesne Boro., 204 Pa. 551. Ewing v. Railroad, is a particularly strong case for it was decided on a demurrer to a statement setting forth a collision of cars through the negligence of the defendant, by which the cars were overturned and thrown from the track against the dwelling house of the plaintiff, subjecting her to great fright, fear and nervous excitement and distress, whereby she became sick and disabled from her usual work, etc. The question was thus squarely presented on its own merits, stripped of all complicating circumstances, and this court said unanimously per curiam that there was no cause of action.

The question came up again in Linn v. Duquesne Borough, 204 Pa. 551, and with the same result. But our Brother FELL reviewed the principal authorities outside of this state, and showed that " the decided trend of decision both in this country and in England is against the maintenance of such an action, or the allowance for mental suffering as an element of damages when distinct from physical injury."

The industry of counsel in the present case has furnished us with a few other cases favorable to his contention. But they do not show any sound reason for a change of our view. All of the cases are of recent and unhealthy growth, and none of them stands squarely on the ancient ways. In the last half century the ingenuity of counsel, stimulated by the cupidity of clients and encouraged by the prejudices of juries, has expanded the action for negligence until it overtops all others in frequency and importance, but it is only in the very end of that period that it has been stretched to the effort to cover so intangible, so untrustworthy, so illusory and so speculative a cause of action as mere mental disturbance. It requires but a

brief judicial experience to be convinced of the large propor-
tion of exaggeration and even of actual fraud in the ordinary
action for physical injuries from negligence, and if we opened
the door to this new invention the result would be great dan-
ger, if not disaster to the cause of practical justice : Spade v.
Lynn & Boston R. R. Co., 168 Mass. 285 ; Mitchell v. Roches-
ter Ry. Co., 151 N. Y. 107. If, therefore, the question were
new, we should see no reason to reach a different conclusion.
But it is settled for this state, and is no longer open to discus-
sion.

. Judgment affirmed.