Hoffman *v.* Rhoads Construction Co., Appellant.

Argued March 6, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Joseph E. Fleitz,* for appellant.

*Roger J. Dever,* for appellee.

OPINION BY KELLER, J., April 16, 1934:

The claimant's husband, Elisha Hoffman, died following a heated argument with his foreman, over the subject of his arriving late at his work. The argument lasted five or ten minutes and was accompanied by provocative epithets by the foreman and some gesticulations by Hoffman. At the conclusion of the argument Hoffman mounted his 'loky' engine, on which he was employed as engineer, ran it about 1,000 or 1,500 feet, stopped to take a drink of coffee and either dismounted or fell from the engine and died a few minutes thereafter. No assault was made upon him by the foreman. No blow was struck, or attempted to be struck, by either of them. Neither threatened the other with any show of force. Hoffman was white with anger when he mounted the engine; and he died from dilatation of the heart,—he was suffering from chronic myocarditis—, undoubtedly induced by the intensity of his own emotions. But there was no compensable accident within the meaning of the Workmen's Compensation Act. One's purely subjective emotions, the result of anger, grief, joy or other mental feeling, if unaccompanied by physical force or exertion, cannot be made the basis of a compensable accident under our Workmen's Compensation Law. There must be the *happening* of some undesigned, unforeseen, sudden or unexpected *occurrence,* some untoward or fortuitous *mishap* or *event* outside of the usual course of things: O'Neill v. Lehigh Coal & Navigation Co., 108 Pa. Superior Ct. 425, 429, 165 A. 60; Lacey v. Washburn & Williams Co., 309 Pa. 574, 164 A. 724; or a sudden development from some abrupt violence to the physical structure of the body: Micale v. Light, (State Workmen's Ins. Fund), 105 Pa. Superior Ct. 399, 161 A. 600; and this is not satisfied by a merely subjective state of feeling, not the result of physical force or violence exerted either by the employee or from outside, resulting in the employee's in-

jury or death. The consequences of such exertion may be external or internal, but physical force, violence or strain must be present.

The rule is similar to that long in force in this State in actions of trespass for negligence, that there can be no recovery for the consequences of purely mental shock or suffering apart from the application of some physical force or violence: Linn v. Duquesne Boro., 204 Pa. 551, 54 A. 341; Morris v. Lackawanna & Wyoming Valley, R. Co., 228 Pa. 198, 201, 77 A. 445; Reardon v. Phila. R. T. Co., 43 Pa. Superior Ct. 344, 351; Huston v. Freemansburg Boro., 212 Pa. 548, 61 A. 1022; Ewing v. P. C. & St. L. Ry. Co., 147 Pa. 40, 23 A. 340; Howarth v. Adams Exp. Co., 269 Pa. 280, 282, 112 A. 536.

The two cases relied upon by the learned court below, McGlinchy v. Fidelity & Casualty Co., 80 Me. 251, 14 A. 13, and International Travelers' Assn. v. Branum, 169 S. W. 389, were both actions on policies of accident insurance, as to which the statement of Mr. Justice SIMPSON in Urian v. Scranton Life Ins. Co., 310 Pa. 144, 151, 165 A. 21, must be borne in mind: "In a number of the cases elsewhere, the court created the 'doubt' by a species of argument which would not be tolerated in any other kind of contract [than insurance], and then, having thus found the 'doubt' resolved it 'in favor of the insured.'" See also, to same effect, Skelly v. Fidelity & Casualty Co., 313 Pa. 202, 205, 169 A. 78; and in the McGlinchy case there was evidence of outward force threatened, if not actually applied, and of unusual physical exertion by the insured in restraining a runaway horse. See Trau v. Preferred Accident Ins. Co., 98 Pa. Superior Ct. 89, 96. The other case, International Travelers' Assn. v. Branum—where the insured was alleged to have had a hemorrhage of the brain from the excitement and fright caused by a fire across the street three days before, and a recovery was permitted by the Court of

Civil Appeals of Texas (169 S. W. 389)—was reversed by the Supreme Court of that state, (109 Tex. 543, 212 S. W. 630), and judgment entered for the insurance company. We are unwilling to rule this case in favor of the claimant on their authority.

In Yunker v. West Leechburg Steel Co., 109 Pa. Superior Ct. 220, 167 A. 443, relied on by appellee, there was an accident to the employee's finger,—a splinter of steel became embedded under the nail,—and the death by shock while the surgeon was about to extract it, brings it within the rule stated by us. It would be followed in this case if there had been blows struck or some unusual physical force applied to, or by, the employee here.

The first, fourth, fifth, sixth and seventh assignments of error are sustained. The judgment is reversed, and the record is remitted with directions to set aside the award and enter judgment for the defendant.