Opinion by
 

 Stadtfeld, J.,
 

 This is a workmen’s compensation case involving a claim by the parents of Eleanore Liseio, deceased, for the death of their minor daughter.
 

 The claim petition alleged that while the deceased was at work, lightning struck a pole in the street, reflecting light into the place of employment, and cans
 
 *485
 
 ing fright, shock and internal injuries to the deceased as a result of which she died. The defendant’s answer put those matters in issue.
 

 Eleanore Liscio, prior to her death, was employed as a sewing machine operator by S. Makransky & Sons, dress manufacturers. On July 20, 1938, the decedent was working on the fourth floor of the defendant’s plant at the corner of Third and Somerset Streets, Philadelphia. There were about 320 people on that floor, a large percentage of whom were girls. The weather that day was rainy and stormy, not unusual in that locality. The fourth floor had big metal windows which were open, and the deceased was sitting at an electric power sewing machine, which was about fifteen or twenty feet from one of the open windows, when the thunder storm arose. There was a loud clap of thunder and a flash of lightning which caused many of the employees to scream and several girls to faint. Although the people in the building thought that the lightning had entered the building, the fact is that it had not. After the thunder and lightning had ceased, decedent looked up from her machine and expressed fear. She got up from her machine and walked over to her sister, working near by, and called attention to her own trembling. She then started toward the water cooler for a drink, but collapsed on a bench after walking about ten feet; she was taken to the dressing room and a doctor was called. In the interim, decedent had her eyes closed, but was able to comprehend questions, although she could not make any answer. The decedent was then examined by a doctor for defendant and was removed to the Episcopal Hospital, where a diagnosis of hysteria was made, the history showing that the decedent had been frightened by lightning. Thereupon the decedent was brought home, placed in bed and examined by a doctor. At that time she appeared to be unconscious, very pale, and biting her tongue.
 
 *486
 
 The decedent remained at her home in bed for two days and was then taken to the Jewish Hospital, where she died on July 26, 1938. The hospital made an admission diagnosis of coma hysteria and a final diagnosis of congenital aneurysmal dilatation of sub-arachnoid vessels.
 

 The case was heard at length by Referee Casey and his successor, Referee Sheldrake, and resulted in an award to the claimant. The defendant insurance carrier filed an appeal contesting the conclusion that the decedent died as a result of injury caused by an accident in the course of employment. The Workmen’s Compensation Board modified the referee’s findings of fact to the extent that they found that the decedent’s apoplexy was caused by an emotional disturbance rather than by any direct physical contact and then affirmed the referee’s conclusion that the decedent died as a result of an accident in the course of her employment and dismissed the appeal. The claimants did not appeal nor question the action of the board. The defendant appealed to the court of common pleas attacking both the findings of fact and conclusions of law. Judge Parry, in an opinion dated November 2, 1940, sustained the defendant’s exceptions and entered judgment for the defendant. This appeal by the claimants followed.
 

 The referee found that the decedent was at her work when a severe electrical storm arose; that a sudden flash of lightning and crash of thunder of severe intensity occurred close to decedent’s place of work, although the lightning did not strike or enter the building ; that decedent suffered a cerebral hemorrhage caused by the reaction of the thunder and lightning on the auditory and optical nerves which caused instantaneous changes in the circulatory system of the brain, and that such reaction was separate and distinct from fright, but found that the decedent was
 
 *487
 
 badly frightened by a threatened application of physical force.
 

 The board made, inter alia, the following findings of fact: “6. That as the result of said occurrence, the decedent’s optic nerves were stimulated by intense light waves and the auditory nerves were stimulated by intense sound waves. 7. Because of the threatened application of physical force, the decedent experienced an emotion of extreme fear which caused an increase of her blood pressure. This resulted in the giving away Of certain blood vessels of the decedent’s brain and a hemorrhage of the brain occurred. 8. That as a result of the said hemorrhage of the brain, Eleanore Liscio died on July 26, 1938. 9. That the death of the decedent on July 26, 1938, was the direct result of the occurrence to the decedent on July 20, 1938.”
 

 'Section 301 of the Workmen’s Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of June 4, 1937, P. L. 1552, (77 PS §411) provides: “The terms ‘injury’ and ‘personal injury’, as used in this act, ......shall be construed to mean only violence to the physical structure of the body, and such disease or infection as naturally results therefrom; and wherever death is mentioned as a cause for compensation under this act, it shall mean only death resulting from such violence and its resultant effects......”
 

 The board in commenting thereon used the following language: “In our judgment the physical emotion of fear causing the increase in the decedent’s blood pressure resulting in the hemorrhage causing death was coupled with such threatened application of physical force through the severe electrical disturbance as to cause the decedent’s death to be compensable under the Workmen’s Compensation Act in . force at the time the accident causing the decedent’s death occurred. The electrical storm was an unexpected, unforeseen
 
 *488
 
 and fortuitous occurrence. It caused violence to the physical structure of the decedent’s body.”
 

 We cannot agree with this view. We do not believe that the term “physical” can be applied to the emotion 0of fear with reference to physical injury as used in the act, nor can we assent to the statement that “the electrical storm was an unexpected, unforeseen and fortuitous occurrence”. Thunder and lightning storms are a common occurrence and commonly cause fright. In
 
 Dolinar v. Pittsburgh,
 
 140 Pa. Superior Ct. 543, 546, 14 A. 2d 871, it was stated that “manifestly there is nothing unexpected in that which often occurs”, and that principle applies in the instant case. Not only are thunder storms common, but they are phenomena to which all people are frequently exposed.
 

 Emotional disturbance which is unaccompanied by physical force, violence or strain, is not a basis for an award of compensation. We had this question under consideration in the case of
 
 Fesenbelc v. Philadelphia,
 
 144 Pa. Superior Ct. 99, 18 A. 2d 448. We quote from the opinion in that case: “The findings and award are based not upon an accidental occurrence nor on undue or unusual physical exertion, but upon the shock to the feelings of the decedent upon viewing a distressing object. That there can be no recovery for such an injury expressly appears in the opinion of President Judge Kellek in the case of
 
 Hoffman v. Rhoads Const. Co.,
 
 113 Pa. Superior Ct. 55, 172 A. 33, as follows: ‘One’s purely subjective emotions, the result of anger, grief, joy or other mental feeling, if unaccompanied by physical force or exertion, cannot be made the basis of a compensable accident under our Workmen’s Compensation Law. There must be the
 
 happening
 
 of some undesigned, unforeseen, sudden or unexpected
 
 occurrence,
 
 some untoward or fortuitous
 
 mishap
 
 or
 
 event
 
 outside of the usual course of things:
 
 O’Neill v. Lehigh Coal & Navigation Co.,
 
 108 Pa. Su
 
 *489
 
 perior Ct. 425, 429, 165 A. 60;
 
 Lacey v. Washburn & Williams Co..,
 
 309 Pa. 574, 164 A. 724; or a sudden development from some abrupt violence to the physical structure of the body:
 
 Micale v. Light,
 
 (State Workmen’s Ins. Fund), 105 Pa. Superior Ct. 399, 161 A. 600; and this is not satisfied by a merely subjective state of feeling, not the result of physical force or violence exerted either by the employee or from outside, resulting in the employee’s injury or death. The consequences of such exertion may be external or internal, but physical force, violence or strain must be present.
 

 “ "The rule is similar to that long in force in this State in actions of trespass for negligence, that there can be no recovery for the consequences of purely mental shock or suffering apart from the
 
 application
 
 of some physical force or violence ......’” (Italics supplied)
 

 In the Hoffman case, cited in the Fesenbek case, the employee died following a heated argument with his foreman over the employee’s arriving late for work. No blow was struck and no assault was made by either upon the other. It further appeared that the employee suffered from chronic myocarditis. Compensation was disallowed.
 

 In the case of
 
 Yunker v. W. Leechburg S. Co. et al.,
 
 109 Pa. Superior Ct. 220, 167 A. 443, an employee ran a steel splinter into his finger and when a surgical knife was produced preparatory to removing the splinter, he died of fright. In
 
 Hunter v. St. Mary’s Nat. Gas Co.,
 
 122 Pa. Superior Ct. 300, 186 A. 325, an employee died as a result of fright caused by a dog jumping on his back. Compensation was held to be properly awarded in both cases because the fright was accompanied by actual physical violence. In the latter case we said: “In the present case, the facts establish that the fright suffered by the decedent was not from the mere presence of the dog, but resulted from the dog
 
 *490
 
 jumping upon his back; which in itself is an external physical force which constitutes the happening of an unexpected occurrence to bring the facts within the definition of an accident under our compensation act:
 
 Lacey v. Washburn & Williams Co.,
 
 309 Pa. 574, 164 A. 724.”
 

 The general principle is stated in 71 C. J. §389, page 634 as follows: “...... the disability resulting from mere shock or fright, unaccompanied by actual physical injury,
 
 by impact,
 
 does not constitute such an injury as is compensable as an ‘accident arising out of the employment’ within the meaning of those words in a workmen’s compensation act.” (Italics supplied)
 

 The cases cited by appellant embracing heat stroke, sunstroke, frost bite, freezing and other cases of unusual exposure to the elements, are readily distinguishable from the instant case. No case has been cited on behalf of claimant, either from this state or other jurisdictions, allowing compensation because of a clap of thunder or a streak of lightning in the atmosphere unless there was actual physical contact.
 

 Quoting from the opinion of the Supreme Court in
 
 Crispin v. Leedom & Worrall Co.,
 
 341 Pa. 325, 19 A. 2d 400: “In
 
 Adamchick v. Wyoming Valley Collieries Co.,
 
 332 Pa.. 401, 3 A. 2d 377, we pointed out that to establish a right to compensation it must be shown that the claimant met with an
 
 accident
 
 in the course of his employment, reiterating what we had theretofore declared in
 
 Gausman v. Pearson Co.,
 
 284 Pa. 348, 354, 131 A. 247: ‘Disability, overtaking an employee at his work, is not compensable unless the result of accident.’ ”
 

 It is now well established that there must be proof both of an accident and of an injury, and that the one can not be inferred merely from the other.
 

 Having decided that no right to compensation under the Workmen’s Compensation Act exists in the instant case, we need not discuss the matter of double com
 
 *491
 
 pensation under Section 320 of the act, as amended, because of the failure to obtain an employment certificate under the Child Labor Law, Act of May 13, 1915, P. L. 286, as amended by the Act of July 19,1935, P. L. 1335, Sec. 8 (43 PS §49).
 

 The judgment of the court below is affirmed.