Gefter, Appellant, *v.* Rosenthal.

124

Argued December 1, 1955. Before Stern, C. J., Stearne, Jones, Bell, Musmanno and Arnold, JJ.

*Herbert K. Fisher,* with him *David Kanner,* for appellant.

*William L. West,* with him *W. L. Matz, Arthur Silverman, M. Murray Schwartz* and *Zoob & Matz,* for appellees.

Opinion by Mr. Justice Bell, January 12, 1956:

Plaintiff brought an action in trespass to recover damages for the humiliation and mental suffering he alleged he received because at a dinner celebrating his 25th wedding anniversary, his guests were charged a 15¢ tip for each coat checked. Plaintiff had entered into a written agreement with the caterers that he would pay defendants 15¢ per coat checked, and there would be no tipping for cloakroom services. Plaintiff claimed that defendants' wanton and intentional violation of their written agreement and their charge of 15¢ per coat checked, caused him, we repeat, humiliation and mental suffering to the extent of $15,000., plus $5,000. punitive damages. Plaintiff did not bring assumpsit nor was there any claim of physical injuries. This was damnum absque injuria.

There can be no recovery for humiliation, disappointment, anxiety, or mental suffering, or emotional distress when unconnected with physical injury or physical impact: *Potere v. Philadelphia,* 380 Pa. 581, 112 A. 2d 100; *Hess v. Philadelphia Transportation Co.,* 358 Pa. 144, 56 A. 2d 89; *Huston v. Freemansburg Boro.,* 212 Pa. 548, 61 A. 1022.

The defendants' preliminary objections to plaintiff's amended complaint were properly sustained.

It is not necessary to decide whether damages can be recovered for mental suffering arising out of a wanton and reckless breach of contract for the carriage or proper disposition of dead bodies or for breach of a contract for the delivery of death messages and similar contracts, since these cases can have no application or relevancy to the case at issue.

Judgment affirmed.

---

OPINION CONCURRING AND DISSENTING IN PART BY MR. JUSTICE MUSMANNO:

I disagree with my brethren in this case not because I believe that the plaintiff is entitled to a recovery, but because the Majority Opinion ignores Section 341 of the Restatement of Contracts: "In actions for breach of contract, damages will not be given as compensation for mental suffering, except where the breach was wanton or reckless and caused bodily harm and *where it was the wanton or reckless breach of a contract to render a performance of such a character that the defendant had reason to know when the contract was made that the breach would cause mental suffering for reasons other than mere pecuniary loss.*" *

---

\* Italics throughout, mine.

If, in the words of the Restatement, the defendants had reason to know when the contract was made that the breach would cause mental suffering for reasons other than mere pecuniary loss, the plaintiff would be entitled to recover for any resulting mental suffering. The Majority is of the impression that in no circumstance can there be a recovery for mental suffering unless it is accompanied by physical injury, but the Restatement states otherwise. If, for example, the caterers in the case before us had required that each guest at the end of the meal wash his own dishes before receiving back his hat and coat, no one could question that the resulting mental anguish and humiliation to the host would be of such a character as to justify in his favor an award in damages, both substantial and punitive.

I do not like the categorical finality with which the Majority disposes of the question involved here as if it were utterly beyond the realm of possibility that a promisor could do anything with such wantonness and recklessness as to inflict on the premisee a mental suffering, which would be compensable. The comment under Section 341 of the Restatement of Contracts says, inter alia: "a. . . . There are two classes of cases in which mental damages for mental suffering are allowed: . . . secondly, where it was caused intentionally or in a manner that is wanton or reckless. *In the second class are included wanton and reckless breaches of contract of such a character that the promisor had reason to know when the contract was made that its breach would cause mental suffering, for reasons other than mere pecuniary loss.*"

Willison on Contracts confirms this: "The Restatement of Contracts states that damages will be given for mental suffering for wanton or reckless breach of a contract to render performance of such a character, that the defendant had reason to know, when the con-

tract was made that the breach would cause mental suffering, for reasons other than pecuniary loss." (Vol. 5, Sec. 1340-A)

In *Linn v. Duquesne Borough,* 204 Pa. 551, 553, this Court said: "Mental suffering has not generally been recognized as an element of damages for which compensation can be allowed, unless it is directly connected with a physical injury or *is the direct and natural result of a wanton and intentional wrong.*"

Whether the defendants here intentionally and wantonly compelled the plaintiff's guests to expend money for tips for which the plaintiff had already made provision is a question of fact, not one of law. The cases cited by the Majority are inapposite because they do not embrace a situation falling within the periphery of liability as indicated in the quotation from the *Linn* case and in Section 341 of the Restatement of Contracts.

I, however, concur in the result reached by the Majority, because no person could in these days reasonably complain, to the extent of being humiliated and anguished, because he was required to pay 15 cents for cloakroom service. If anything he should rejoice that his outlay was so modest a one. I believe we can take judicial notice of the fact that a hat, or a topcoat, if constructed of fairly good wearing material and of such a fashion that it does not fall out of style too soon, ordinarily costs the owner during the period he wears it, an amount in excess of the original cost, simply to get it back from the clutches of check room custodians. The public is so educated and enured to this polite and even pleasant petty brigandage that no one can in his heart really say that he suffers because of it. There would be more apt to be a shock to the hotel or restaurant guest if he were suddenly informed that he was

*not* required to pay for the redemption of his hat and coat.

Of course, the plaintiff here contends that he had already paid the 15 cents tip for his guests so that when they were also required to pay that amount, the total cost for ransoming each person's headgear and outer garments involved a total expenditure of 30 cents. In a pragmatic appraisement of the little annoyances and grievances which enter into everyday life, I believe that a person should have to be inordinately sensitive to go into a state of anguish because his friends paid a 15 cent fee which he had already liquidated. Certainly the guests who had gathered to celebrate the plaintiff's 25th wedding anniversary could not have been too much exercised over paying 10 cents less than the number of years the host and hostess had enjoyed the bliss of wedded life.

In any event it is farfetched to assume that the guests would regard the plaintiff any less the perfect host because in a public hostelry they were required to expend a nickle and dime to obtain back a wrap which, in previous visits to that same hostelry or to others, undoubtedly cost them as much if not more, per visit. Especially is this true when one notes from the record that the guests were "outstanding physicians and surgeons of the City and County of Philadelphia," who, accustomed as they undoubtedly were, to dealing with patients of considerable monetary importance, would scarcely be concerned over an operation involving so microscopic a sum as 15 cents.

The plaintiff, of course, has an action against the defendants for breach of contract. A victory in assumpsit would serve the same purpose as that sought here. It would vindicate the plaintiff's position and, through the infliction of a monetary penalty on the defendant, even though more modest that the one desired

here, would provide the balm which should adequately heal the plaintiff's wounded feelings, because in actions of this kind it is proverbial that the litigant is moved more by "the principle of the thing than the money."