Everitt, Appellant, *v.* Baker Refrigerator Company.

612

Argued March 20, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Lester L. Dolfman,* for claimant, appellant.

*Gerald J. Haas,* Associate Counsel, with him *E. S. Lawhorne,* Associate Counsel, *R. D. Holahan,* Counsel, State Workmen's Insurance Fund, and *Marshall Seidman,* Deputy Attorney General, and *David Stahl,* Attorney General, for State Workmen's Insurance Fund, appellee.

OPINION BY WRIGHT, J., April 12, 1962:

This is a workmen's compensation case. We are here concerned with an appeal by the widow-claimant

from an order of Court of Common Pleas No. 5 of Philadelphia County, affirming a decision of the Workmen's Compensation Board wherein the claim petition was dismissed. It will be necessary to set forth the factual and procedural history in some detail.

On September 29, 1954, William M. Everitt, claimant's husband, sustained an accidental injury while in the employ of Baker Refrigerator Company, Philadelphia, Pennsylvania. A compensation agreement was executed on October 20, 1954, containing the following description of the accident and injury: "Claimant was working at large section of refrigerator when two other employes were moving another; it fell over and caught left foot and ankle fracturing the ankle, also fracturing the cuboid bone in right foot". Compensation was paid under this agreement on the basis of total disability. On August 18, 1955, a supplemental agreement was executed in which it was stipulated that Everitt's disability status had changed to fifty percent partial. Under date of November 29, 1955, a second supplemental agreement was executed in which it was stipulated that Everitt's disability status had changed to twenty-five percent partial. On June 13, 1956, the employer filed a termination petition, in which it was alleged that Everitt's disability had entirely ceased. There was a hearing on this petition on February 13, 1957, at which time Dr. Henry S. Orloff testified for the employer that he had treated Everitt from February 9, 1955, to May 14, 1956, and that Everitt had completely recovered "except his age. He can't recover from his age". The record discloses that, at the time of the accident, Everitt was aged sixty-six years, and had received medical treatment on several occasions for "hardening of the arteries".

Under date of February 27, 1957, the Board appointed Dr. Leopold S. Vaccaro as an impartial expert. At a hearing on July 2, 1958, Dr. Vaccaro testified

that Everitt had "a serious disturbance of legs and feet to the point of total and permanent disability". Dr. Vaccaro further testified that Everitt had suffered a "nervous shock" at the hearing on February 13, 1957, that he "must have developed a coronary thrombosis, which was soon followed by dyspnea, or shortness of breath, and acute myocardial infarction for which he was hospitalized on February 19, 1957". Dr. Vaccaro expressed the opinion "that the conditions from which he is suffering are the direct result of his accident on September 29, 1954. Had such accident never occurred, he would not have been totally and permanently disabled, and had the hearing of February 13, 1957, not taken place, which was a natural sequela of the accident, he would not have suffered an acute myocardial infarction which in itself also makes him a total and permanent cripple". Under date of July 18, 1958, the Referee found as a fact that "on May 14, 1956, the claimant was totally disabled as a result of his accident", and made an award accordingly. No appeal was taken from this award, and compensation was paid thereunder up to the date of decedent's death on August 9, 1958.

On October 23, 1958, appellant filed the claim petition with which we are immediately concerned. It was alleged therein that the cause of Everitt's death was "myocardial infarction, acute arterio-sclerosis, heart disease", and that Dr. Vaccaro "attributed prior heart attack of February 19, 1957 to accident". The insurance carrier filed an answer alleging that there was no causal connection between Everitt's death and his accidental injury. There were two hearings on this petition. On June 23, 1959, in addition to appellant's testimony, the hospital records were introduced, relating both to the admission February 19, 1957, and the admission on August 9, 1958. Dr. Victor A. Digilio then testified, from his reading of the prior testimony and

the hospital records, that Everitt had suffered two infarctions, the first precipitated by the hearing on February 13, 1957, and the second on the day of death, that there was a continuing coronary insufficiency between the two infarctions, and that Everitt's death was a direct result of the accident. On the other hand, at a further hearing on January 6, 1960, over objection of appellant's counsel, Dr. David Gelfand refuted the theory advanced by Dr. Vaccaro and Dr. Digilio that Everitt's original myocardial infarction was precipitated by the hearing on February 13, 1957. Dr. Gelfand testified convincingly that there was no relationship whatever between Everitt's injuries and his heart condition, and that there was no causal connection between the accident and the death.

Under date of January 12, 1960, the Referee made an award based upon the following findings of fact: "3. That the decedent while totally disabled as a result of the accident which resulted in fractures to both lower extremities, suffered a myocardial infarction due to the anxiety and excitement of appearing before the undersigned Referee on February 13, 1957, which appearance was made necessary by the accident of September 29, 1954. 4. That as a direct result of the myocardial infarction suffered by the decedent when he testified before the Referee on February 13, 1957, he died on August 9, 1958". Upon appeal to the Workmen's Compensation Board, that tribunal reversed the Referee and concluded "that claimant's decedent's death, due to a myocardial infarction, is not causally related to an accidental injury".

In sustaining the decision of the Board, Judge WEINROTT points out that the award of July 18, 1958, following hearings on the termination petition, "makes most apparent the fact that the Referee did not find the myocardial infarction to be causally related". The opinion below concludes as follows: "No authority has

been presented, nor can any be found to sustain the contention that a person appearing at a workmen's compensation hearing who becomes so excited as to incur a heart attack is entitled to compensation for such injury". In this connection, we have repeatedly held that emotional excitement is not such a fortuitous, untoward or unexpected happening as to constitute an accident. See *Hoffman v. Rhoads Construction Co.*, 113 Pa. Superior Ct. 55, 172 A. 33 (employe died from dilation of the heart following a heated argument with his foreman) ; *Fesenbek v. Philadelphia*, 144 Pa. Superior Ct. 99, 18 A. 2d 448 (fireman died from coronary occlusion following emotional shock in removing burned body) ; *Liscio v. Makransky & Sons*, 147 Pa. Superior Ct. 483, 24 A. 2d 136 (employe died from cerebral hemorrhage following emotional shock in severe thunderstorm) ; *Hill v. Springfield Township Commissioners*, 193 Pa. Superior Ct. 12, 163 A. 2d 698 (township foreman died from cerebral hemorrhage following investigation of unfounded report that body had been recently buried in nearby field).

It is the contention of appellant's counsel that the award of the Referee under date of July 18, 1958, unappealed from, is res judicata as to the accident and resulting injuries, and that, since Dr. Vaccaro testified that Everitt had suffered a myocardial infarction due to the anxiety and excitement of appearing at the hearing on February 13, 1957, the employer is now estopped from denying that fact. This was the basis of counsel's objection to the testimony of Dr. Gelfand at the hearing on January 6, 1960. However, as indicated in the opinion below, there is no finding in the decision of July 18, 1958, that Everitt's disability was related to the myocardial infarction. In fact, the Referee found that Everitt was totally disabled as of May 14, 1956, a date prior to the hearing of February 13, 1957, following which the infarction occurred. Appellant re-

lies principally upon a statement in *Rich v. Philadelphia Abattoir Co.*, 160 Pa. Superior Ct. 200, 50 A. 2d 534, to the effect that, when an award has been made and compensation paid to the time of death, the employer is "estopped from denying the happening of the accident in the course of the employment and the injury resulting therefrom". However, this employer does not deny the happening of the accident or that an injury to Everitt resulted therefrom. The disputed issue is whether there was a causal connection between that injury and Everitt's death. It should perhaps be noted that, in the *Rich* case, judgment was entered for the employer because of claimant's failure to prove causal connection. We agree with the Board and the court below in the instant case that the Referee's decision of July 18, 1958, does not warrant or support the attempted application of the principles of res judicata and estoppel.

In summary, to be entitled to an award on her claim petition, this appellant had the burden of proof to establish a causal relationship between the injury on September 29, 1954, and the death on August 9, 1958: *Wehr v. Philadelphia Derrick & Salvage Corp.*, 192 Pa. Superior Ct. 161, 159 A. 2d 924. The Board is the final arbiter of the facts, *Erwin v. L. & H. Construction Co.*, 192 Pa. Superior Ct. 632, 161 A. 2d 639, and the evidence must be viewed in the light most favorable to the party having the Board's decision: *Dandy v. Glaze*, 197 Pa. Superior Ct. 218, 177 A. 2d 157. "Where the compensation authorities refuse to find facts in favor of the party having the burden of proof, the question on review is not whether the evidence would sustain such a finding, but whether there was a capricious disregard of competent evidence in the refusal so to find": *Newman v. Congregation of Mercy and Truth*, 196 Pa. Superior Ct. 350, 175 A. 2d 160. We are all of the opinion in the case at bar that there was

no capricious disregard of competent evidence in the Board's refusal to find that the death of appellant's husband resulted from the accident.

The order of the court below is affirmed.