## Carey *v.* Philadelphia Ship Supply and Lumber Company et al., Appellants.

Argued December 16, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Frederick L. Fuges,* with him *Lewis Becker, William M. Marutani,* and *MacCoy, Evans & Lewis,* for appellants.

*William Miller,* for appellee.

OPINION BY WRIGHT, J., March 23, 1967:

This is a workmen's compensation case. Henry L. Carey filed a claim petition alleging that he had sustained a myocardial infarction as the result of an accident while in the course of his employment by the Philadelphia Ship Supply and Lumber Company, 50 East Laurel Street, Philadelphia. The employer denied that an accident had occurred. The Referee dismissed the claim petition. The Board affirmed the decision of the Referee. The Court of Common Pleas reversed the Board and remanded the case for the entry of an award in favor of the claimant. This appeal followed. The factual situation appears in the following excerpt from the Board's opinion:

"On January 14, 1964 the claimant was employed by the defendant as a truck driver. On that date he reported to work at his usual time, opened the offices and then proceeded to carry out his usual duties which were warming up the trucks and preparing the equip-

ment for use during the day. There had been a heavy snow the preceding day and when the defendant attempted to remove a heister [fork lift] from its garage, the heister would not move in the snow. The claimant carried four or five buckets of cinders from another garage 20 feet away and as he moved the heister a short distance he would put cinders under the wheels in order to give traction to the wheels. In this way he moved the vehicle. Shortly after freeing the heister from its snowbound position, the claimant felt a crushing pain in his left arm and chest. At noontime he was taken to his family physician and given medication. He returned to work.

"The next morning the claimant suffered the pains again and was taken to the Episcopal Hospital. He remained there until his discharge on January 18, 1964, a Saturday. The following Monday he returned to work and continued his employment with the defendant until April 8, 1964. At the direction of Dr. Theodore Lundy, the claimant stopped work and was admitted to the Hahnemann Hospital on April 14, 1964. He remained hospitalized until May 9, 1964 and has not worked since April 9, 1964".

Claimant's case is based on the contention that he had engaged in unusual exertion. It is argued in his brief "that the total pattern of overexertion in this case was an accident". However, the Referee found as a fact from the evidence "that the claimant did not sustain an accidental injury". Our review of the record indicates that this conclusion was fully warranted. Not only did the Board affirm the Referee's finding, but also it made the following additional finding: "The work of the claimant which caused the myocardial infarction was not of a materially different nature and did not require a materially greater effort to be unusual to his occupation". The court below reasoned that the question for judicial review was whether claimant had

met the burden of proving unusual exertion. To the contrary, the determination of that issue was for the compensation authorities, not for the court.

The applicable legal principles are well settled, and may be briefly restated. It was claimant's burden to prove all of the elements necessary to support an award, and it was for the Board to determine from the evidence whether claimant had sustained that burden: *McCafferty v. Masten Transportation, Inc.*, 205 Pa. Superior Ct. 239, 209 A. 2d 11. The finding of the Board that claimant had failed to sustain the burden resting upon him was a pure finding of fact: *Hurlburt v. Fidelity Window Cleaning Co.*, 192 Pa. Superior Ct. 152, 160 A. 2d 251. The Board is the final arbiter of the facts, and the evidence must be, viewed in the light most favorable to the party having the Board's decision: *Everitt v. Baker Refrigerator Co.*, 197 Pa. Superior Ct. 611, 180 A. 2d 114. Where, as in the instant case, the Board properly concludes that claimant was engaged in the performance of his customary work, the finding of the Board is binding on the reviewing court: *Mohler v. Cook*, 205 Pa. Superior Ct. 232, 209 A. 2d 7. Since the compensation authorities found against the party having the burden of proof, the question on appeal is not whether the findings of fact are supported by the evidence, but whether there has been a capricious disregard of competent evidence: *Pudlosky v. Follmer Trucking Co.*, 206 Pa. Superior Ct. 450, 214 A. 2d 270; *McGowan v. Upper Darby Pet Supply*, 207 Pa. Superior Ct. 329, 217 A. 2d 846.

We will not prolong this opinion by separately discussing the many cases cited in the briefs. The court below placed reliance on *Foster v. State College Borough*, 124 Pa. Superior Ct. 492, 189 A. 786, and *Morgan v. Michael Baker, Jr., Inc.*, 204 Pa. Superior Ct. 521, 205 A. 2d 668. In each of those cases the Board had made a finding of unusual exertion, and the question

for review was whether the evidence supported that finding. In the instant case, as previously indicated, the Board expressly refused to make a finding of unusual exertion. We perceive no capricious disregard of competent evidence, and are all of the opinion that the lower court erred in disturbing the Board's decision.

The order of the court below is reversed, and the decision of the Board is reinstated.