## Bussone *v.* Sinclair Refining Company, Appellant.

Argued June 16, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Joseph Neff Ewing, Jr.,* with him *Saul, Ewing, Remick & Saul,* for appellant.

*Bernard M. Berman,* with him *Siegle, Maher and March,* for appellee.

OPINION BY WRIGHT, J., September 14, 1967:

This is a workmen's compensation case. On August 26, 1964, Rudolph J. Bussone filed a claim petition alleging total disability as the result of a heart attack which occurred on September 6, 1963, during an argument with his supervisor. The employer filed an answer denying (a) that there was an accident and (b) that there was a compensable injury. The Referee awarded compensation. The Board reversed the Referee, and dismissed the claim petition. The Court of Common Pleas of Delaware County entered an order of remand.[1] This appeal by the employer followed.

The record discloses a dispute as to whether or not there was any physical contact between the claimant and his supervisor. Claimant testified on direct-examination as follows: "He took me out to the garage and when we got in the garage he closed the door and he started screaming and hollering at me . . . And he turned me around by the arm . . . and I was afraid he was going to strike me". On cross-examination claimant testified as follows: "Q. Where did he grab you on the arm? A. Between the elbow and the shoulder. Q. Tightly? A. Just enough to swing me around. That's

---

[1] "AND Now, to wit, this 28th day of February, 1967, upon consideration of the appeal of the claimant, Rudolph J. Bussone, from the Order of the Workmen's Compensation Board, and after argument before the Court en banc, it is hereby ORDERED AND DECREED that the matter be remanded to the Workmen's Compensation Board for the determination of the issue of causality as more fully set forth in the accompanying opinion and direct that the Board, may, at its discretion, take additional testimony".

all, just to swing me around. Q. That was the only time he touched you? A. That was the only time he touched me, yes. Q. He didn't threaten to strike you, did he? A. No. Q. After he swung you around then you felt this pain in the chest? A. Not immediately. Q. How long after? A. After he kept hollering for about four or five minutes, kept screaming that he is going to get me, and the way he was throwing his arms around, then I got into pain". The supervisor testified flatly that he had at no time touched the claimant, or threatened to strike him. Claimant made no mention of physical contact in the report prepared for his employer, or in his insurance claim. The Referee did not make a specific finding on the issue of physical contact, neither did the Board. The Board's third finding of fact reads as follows: "The claimant's myocardial infarction was the result of a violent, oral argument between the claimant and his supervisor. It was not the result of any physical trauma that occurred to the claimant on that date". In its opinion the Board reasoned as follows: "Whether or not a physical touching occurred in this case is of no significance and is not a determinative factor. . . It is clear that the cause of the infarction was the emotion raised by the argument, not the physical activity involved, if any".

We are not in accord with the conclusion of the court below that the Board erred as a matter of law. The opinion is based on the theory that the Board actually found that there was physical contact. Reliance was placed upon *Hunter v. St. Mary's Natural Gas Co.*, 122 Pa. Superior Ct. 300, 186 A. 325, for the proposition that an injury due to fright resulting from the application of physical force constitutes a compensable accident. The order of remand was entered because of uncertainty whether the Board's decision was predicated on misconstruction of the law or upon rejection of claimant's medical testimony. It is argued in claim-

ant's brief that the order of remand was interlocutory and unappealable. On the contrary, the order below was a clear mandate to the Board to determine the issue of causation in accordance with the *Hunter* decision. Such an order is legally erroneous, and is appealable: *Messikomer v. Baldwin Locomotive Works,* 178 Pa. Superior Ct. 537, 115 A. 2d 853; *Barber v. Flemming-Raugh, Inc.,* 208 Pa. Superior Ct. 230, 222 A. 2d 423.

The applicable legal principles are well settled and were briefly restated in *Carey v. Phila. Ship S. & L. Co.,* 209 Pa. Superior Ct. 306, 228 A. 2d 12, as follows: "It was claimant's burden to prove all of the elements necessary to support an award, and it was for the Board to determine from the evidence whether claimant had sustained that burden. . . The finding of the Board that claimant had failed to sustain the burden resting upon him was a pure finding of fact. . . The Board is the final arbiter of the facts, and the evidence must be viewed in the light most favorable to the party having the Board's decision. . . Since the compensation authorities found against the party having the burden of proof, the question on appeal is not whether the findings of fact are supported by the evidence, but whether there has been a capricious disregard of competent evidence".

A review of the testimony clearly reveals, as the Board found, that the heart attack was not causally connected with any physical violence. Dr. Robert F. Gibbons, claimant's medical witness, expressly stated that "the precipitating cause was the violent argument there that he participated in, whether or not there was any physical exertion there". Emotional excitement is not such a fortuitous, untoward or unexpected happening as to constitute an accident: *Everitt v. Baker Refrigerator Co.,* 197 Pa. Superior Ct. 611, 180 A. 2d 114. The case relied upon by the court below, *Hunter v. St.*

*Mary's Natural Gas Co.*, 122 Pa. Superior Ct. 300, 186 A. 325, is not controlling. In the *Hunter* case the claimant's decedent sustained a fatal cerebral hemorrhage when a red bone hound jumped on his back. The compensation authorities made an award, and this court affirmed on the ground that "the fright caused by the dog jumping upon the deceased was a marked contributory factor in producing the death". By way of contrast, the finding of the Board in the case at bar was against the claimant on the ground that his heart attack was not the result of any physical trauma. We perceive no capricious disregard of competent evidence.

The order of the court below is reversed, and the order of the Workmen's Compensation Board is reinstated.

————

DISSENTING OPINION BY HOFFMAN, J.:

I respectfully dissent.

I cannot agree with the conclusion of the Compensation Board that "[w]hether or not a physical touching occurred in this case is of no significance." If the claimant's version of the incident is accepted, he was the victim of a physical, as well as verbal, assault.

Bussone testified that the foreman led him into an isolated garage on the defendant's property, locked the door, and threatened and swore at him for a period of several minutes. The foreman was a younger and more vigorous man than the claimant, as well as four inches taller and twenty pounds heavier. At one point, he seized Bussone by the arm and spun him around, shouting, "God damn you, I'm going to get you if it's the last thing I do, and when I do get you, I'm going to get you right." Shortly thereafter, the claimant slumped to the ground, sustaining a totally disabling myocardial infarction.

Claimant, defendant, and the Commonwealth all agree that the tension, fear and extreme anxiety at-

tending this confrontation precipitated claimant's heart attack. Because his disability was *caused* by emotional turmoil, however, and not by the physical trauma associated with the incident, the Board held that he had not suffered a compensable accident.[1] In my view, the Board has thus misconstrued the case law, and reached a result which is both unjust and inequitable.

It is true that our Court has often stated: "Emotional excitement is not such a fortuitous, untoward, or unexpected happening as to constitute an accident." Ante, p. 612. *Everitt v. Baker Refrigerator Company*, 197 Pa. Superior Ct. 611, 180 A. 2d 114 (1962); *Hoffman v. Rhoads Construction Company*, 113 Pa. Superior Ct. 55, 172 A. 33 (1934). In none of those cases, however, did the claimant suffer an incidental physical trauma, such as occurred here.

For example, in *Hoffman v. Rhoads Construction Company*, supra, relied on heavily by the Compensation Board, the Court was careful to note: "No assault was made upon [the claimant] by the foreman. No blow was struck by either of them." (p. 56). The Court stated its holding with some precision: "One's purely subjective emotions, the result of anger, grief, joy, or other mental feeling, *if unaccompanied by physical force or exertion,* cannot be made the basis of a compensable accident under our Workmen's Compensation Law." Ibid. (Emphasis supplied).

This doctrine derives from the so-called "impact rule" in the law of torts. See, e.g., *Ewing v. Pittsb. C. & St. L. Ry. Co.*, 147 Pa. 40, 23 A. 340 (1892); *Huston v. Freemansburg Borough*, 212 Pa. 548, 61 A. 1022 (1905). The basis of the rule is clearly spelled out in the *Huston* case. Absent at least a technical assault upon the person of the plaintiff, the probability of

---

[1] In its opinion, the Board states: "The cause of the infarction was the emotion raised by the argument, not the physical activity involved. . . ."

fraud is thought to be too great to permit recovery. The impact affords the desired guarantee that the subjective emotional disturbance is genuine. Cf. Prosser, Torts, p. 351 (3rd ed., 1964).

Whatever the wisdom of the "impact" requirement,[2] it has never been the law that disability caused by "mere fright" is not compensable. It is only necessary that some physical trauma accompany the mental suffering which results in disability. Cf. *Potere v. Philadelphia*, 380 Pa. 581, 112 A. 2d 100 (1955).

If we ignore the reason for the "impact" requirement, as the majority has done in this case, we become enmeshed in a web of utterly artificial distinctions among causes which are "ultimate," "immediate," or "precipitating." I do not think this sort of reasoning adequately explains why the present case is not governed by *Hunter v. St. Mary's Natural Gas Company*, 122 Pa. Superior Ct. 300, 186 A. 325 (1936). There, the claimant, who was morbidly afraid of dogs, suffered a cerebral hemorrhage, caused by fright, after a dog had leapt upon his back. Declaring this a compensable accident, the Court stated: "The amount of physical force is not determinative of the question. If it was physical force to any degree or extent, and if supported by medical testimony, it was sufficient to establish the death resulted from an accident in the course of the employment." See also *Yunker v. West Leechburg Steel Company*, 109 Pa. Superior Ct. 220, 167 A. 443 (1933).

In light of these cases, it is my view that any injury induced by fright is compensable if it is accompanied by a physical trauma, however slight.

---

[2] The rationale of this rule seems to me highly questionable. I note that several jurisdictions have abandoned it entirely in negligence cases. See, e.g., *Colla v. Mandella*, 1 Wisc. 2d 594, 85 N.W. 2d 345 (1957).

The Compensation statute, after all, is social legislation, meant to be liberally construed. If we must abide by the common law "impact rule" in these cases, at least we need not compound its harshness by approving the sort of artificial and unrealistic distinctions the Board has made here.

I would remand the record in this case to the Compensation Board for the sole purpose of determining whether or not a physical touching occurred.[3] If there was such a touching, I would hold claimant entitled to compensation as a matter of law.

MONTGOMERY, J., joins in this dissenting opinion.

---

[3] The Board's opinion is hopelessly ambiguous on this point, referring, e.g., to ". . . the physical activity involved, if any."