# Brown *v.* Atlantic and Gulf Stevedores, Inc.

Argued April 21, 1971, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*Paul N. Minkoff,* with him *Klovsky, Kuby & Harris,* for appellant.

*John R. Warner,* with him *Marshall, Dennehey & Warner,* P. A., for appellee.

OPINION BY JUDGE KRAMER, July 9, 1971:

This is an appeal from an Order of the Court of Common Pleas of Philadelphia County affirming an ad-

judication of the Workmen's Compensation Board (Board), which had denied compensation to Elizabeth Brown (appellant) as the widow of George Brown, deceased.

The appellant had filed a fatal claim petition with the Board against Atlantic & Gulf Stevedores (appellee) for compensation due as a result of the fatal injuries sustained by the decedent in the course of his employment on July 26, 1967. There is no need to go into the facts of the fatal accident for the reason that the parties to this case stipulated that the injuries suffered by the decedent were in the compensable category.

The only question which was presented to the Board and the court below is whether the appellant is the widow of George Brown. More specifically, the question is whether the record supports the conclusion of the Board and the court below that the appellant had not proven a common law marriage.

We have carefully reviewed the record in this case, including a very close scrutiny of the testimony of the appellant, and we conclude that neither the Board nor the court below has abused their discretion or committed an error of law. The record clearly shows that the relationship between the appellant and the decedent commenced meretriciously. There can be no doubt that this meretricious relationship continued for about twelve years. Whether or not that relationship came to an end and a common-law marriage validly entered into were matters for the determination of the finder of fact, viz., the Board.

It is of no import that the Board vacated the referee's findings in favor of the appellant and substituted its own. It is the Board which is the final arbiter of the facts. *Donaldson v. P. J. Oesterling and Sons, Inc.,* 199 Pa. Super. 637, 186 A. 2d 653 (1962), *Lorigan v.*

*W. O. Gulbranson, Inc.,* 184 Pa. Super. 251, 132 A. 2d 695 (1957).

In those cases where the claimant has the burden of proof and the Board has disallowed the claim, the appellate courts can set aside the adjudication of the Board only if its findings and conclusions cannot be sustained without a capricious disregard of the competent evidence. See *Carey v. Philadelphia Ship Supply & Lumber Co.,* 209 Pa. Super. 306, 228 A. 2d 12 (1967), *Bussone v. Sinclair Refining Co.,* 210 Pa. Super. 442, 234 A. 2d 195 (1967).

To constitute a capricious disregard there must be a wilfull and deliberate disregard of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching the result. A careful review of this record discloses no such disregard by the Board.

Although there is adequate testimony in the record on cohabitation and reputation to conclude that the appellant and the decedent held themselves out to be a married couple, there is no testimony or evidence from which the Board or the court below could have concluded that the meretricious relationship ended or that on any specific date there occurred the necessary words in present tense evidencing a marriage contract. As a matter of fact, it is reasonable to conclude from the appellant's own testimony that there was an understanding or agreement between the appellant and the decedent to formally enter into a marriage contract at some time in the future. A meretricious relationship once commenced is presumed to continue during the cohabitation of the parties. The burden was upon the appellant to prove an end to that relationship so that a common-law marriage could be commenced. See *Pegee v. Ricchini,* 140 Pa. Super. 56, 12 A. 2d 830 (1940). A review of the record in this case leads us to conclude

that the appellant failed to meet her burden, and therefore the Board was not in error in disallowing the claim; and the court below was not in error in affirming the adjudication of the Board. We therefore affirm the order of the court below.