Fesh *v.* American Steel & Wire Division, United States Steel Corporation.

Argued October 22, 1971, before Judges KRAMER, MANDERINO and MENCER, sitting as a panel of three.

*Kathleen A. Merry,* with her *William L. Standish,* and *Reed, Smith, Shaw & McClay,* for appellant.

*Paul N. Barna,* with him *Barna and Barna,* for appellee.

OPINION BY JUDGE MENCER, January 5, 1972:

This is an appeal from an order of the Court of Common Pleas of Washington County, Pennsylvania, remanding the consolidated workmen's compensation claims of Helen Fesh (claimant) and her husband, Stephen Fesh (decedent) to the Workmen's Compensation Board (Board) for further testimony concerning whether or not an accident at work on October 17, 1962 aggravated or accelerated a disease which caused decedent's death on May 22, 1965.

Both claims arise out of an accident on October 17, 1962 sustained by decedent while employed by the American Steel and Wire Division of the United States Steel Corporation (Company). Decedent's claim is a petition to set aside a final receipt; that of the claimant, his wife, is a claim for death benefits.

On October 17, 1962, decedent, Stephen Fesh, was employed by the Company as an end trimmer and bundler in the rod mill. On that date a hose filled with vacuum oil burst and in an attempt to back quickly away Mr. Fesh tripped and fell, landing on his back in a pile of dirt.

He returned to work until he complained of pain in his right ankle, at which time he was sent to the plant infirmary to see Dr. MacLane. He continued to see Dr. MacLane during a two-week period when he was laid off. After his return to work he was assigned to a less strenuous job. It was discovered that he had sustained a fracture to his right ankle and a walking cast was applied.

He continued to work at light jobs when there was scheduled work; when there was no work scheduled, he received unemployment compensation. After four

weeks the cast was removed. Mr. Fesh complained of weakness in his legs, so the Company arranged for him to see Dr. Stuart Rowe, a neurosurgeon, in December, 1962. Dr. Rowe referred Mr. Fesh to Dr. Joseph Novak at St. Francis Hospital for extensive testing. At the conclusion of these tests, both doctors agreed that Stephen Fesh was suffering from amyotrophic lateral sclerosis.

On January 31, 1963, Mr. Fesh entered into an agreement with the Company for compensation for disability caused by the accident and executed a final receipt acknowledging that he was no longer disabled as the result of the accident.

After January 31, 1963, his condition worsened and Mr. Fesh lost the use of his legs and then his arms, finally becoming totally disabled.

On August 19, 1963, claimant filed a modification petition and a petition to set aside the final receipt, alleging that all disability due to the accident of October 17, 1962 had not terminated.

The first hearing in this matter was held February 4, 1964. Other hearings were held on June 29, 1967, October 29, 1968, and April 17, 1969.

Stephen Fesh died on May 22, 1965. The death certificate was signed by one of claimant's medical witnesses, Dr. Rongaus, and listed amyotrophic lateral sclerosis as the cause of death.

At the conclusion of all the testimony, the Referee found that the decedent, Mr. Stephen Fesh, had died as a result of amyotrophic lateral sclerosis and that there was no causal connection between that disease and the October 17, 1962 accident. He dismissed the claimant's and the decedent's petitions.

An appeal from the Referee's decision was taken to the Pennsylvania Workmen's Compensation Board. On June 18, 1970, the Board affirmed the Referee's find-

ings of fact, conclusions of law and orders dismissing the petitions.

On appeal to the Court of Common Pleas of Washington County, the Court acknowledged that it was bound by the Board's finding that the decedent died of amyotrophic lateral sclerosis, but remanded the petitions to the Board to afford claimant the opportunity to prove that the accidental injury aggravated his disease. This appeal is taken from that order.

The question before this Court is whether the Court of Common Pleas acted improperly in remanding the petitions to the Board.

We must reverse. In *Rizzo v. Baldwin-Lima-Hamilton Corporation,* 216 Pa. Superior Ct. 96, 259 A. 2d 178 (1969), it was held that the action of the court below in remanding the case for the taking of additional medical testimony constituted an error of law, where the competent evidence in the case amply supported the findings of the compensation authorities, and that the remand could have no other purpose than to require the taking of further evidence which could support a possible change in the findings and was, therefore, not within the power of the court. Likewise in *Williams v. Bonair Foundry Company,* 215 Pa. Superior Ct. 357, 257 A. 2d 69 (1969), a remand order of the court below for additional medical testimony was reversed as being an error of law.

It is the prerogative of the Workmen's Compensation Board to weigh the testimony of the witnesses and to accept or reject either in whole or in part such testimony. The Board is the ultimate fact finder. The credibility of witnesses, including those qualified as medical experts, remains for the finder of fact. *DeMascola v. Lancaster,* 200 Pa. Superior Ct. 365, 189 A. 2d 333 (1963). Here the remand for further medical testimony would be a futile effort and an error of law,

in view of the Board's finding that the decedent died of amyotrophic lateral sclerosis, when the record amply supports such a finding by competent evidence. *See Bussone v. Sinclair Refining Company,* 210 Pa. Superior Ct. 442, 234 A. 2d 195 (1967).

In the present case, the factual theory on which the petitions of decedent and claimant were tried was the theory that, in the October 17, 1962 accident, decedent suffered a spinal cord injury which caused his progressive subsequent disability and death. No witness who appeared on behalf of claimant or decedent even suggested that the accident aggravated or accelerated an existing disease process.

Two medical witnesses appeared on behalf of claimant and decedent. These were Dr. Bernard Johnston and Dr. Walter Rongaus.

Dr. Johnston, who stated that he specialized in neurology, conducted a single examination of Mr. Fesh on July 19, 1963, approximately nine months after the accident. It was Dr. Johnston's opinion that decedent had suffered a hyperextension type injury of the thoracic spine when he fell at work. He adamantly maintained that the decedent was not suffering from amyotrophic lateral sclerosis but, rather, from the effects of trauma. He attached no significance to decedent's ankle injury; he testified that injury could not have had any effect on the course of any disease process. As did the witnesses who appeared on behalf of the appellant company, he pointed out that the ankle injury was "coincidental" and merely served to call decedent's attention to his disability.

Claimant's other medical witness, Dr. Rongaus, did not suggest that, at any time during the three years that he treated decedent prior to his death, he had any reason to question the soundness of the diagnosis of amyotrophic lateral sclerosis. Furthermore, he testi-

fied that he signed decedent's death certificate on which death was attributed to amyotrophic lateral sclerosis. Nowhere in his testimony did Dr. Rongaus suggest that there was any connection between the October 17, 1962 accident and decedent's subsequent disability and death. In fact, an insurance certificate signed by Dr. Rongaus indicated his conclusion that decedent's disability did not arise out of his employment.

The appellant company offered the testimony of two medical witnesses. The first, Dr. Stuart Rowe, a neurosurgeon, examined decedent on December 10, 1962 and, subsequently, treated him in 1964, when he was a patient at St. Francis Hospital. Dr. Rowe expressed the opinion that decedent had been disabled by, and died of, amyotrophic lateral sclerosis and that this disease was not caused by, or related to, the October 17, 1962 accident.

Dr. Joseph Novak also testified on behalf of the appellant company. It was his opinion, based on his examination of decedent and on the results of the tests, that decedent had suffered from amyotrophic lateral sclerosis, that this disease led to his death, and that the disease was not caused by the October 17, 1962 accident. Dr. Novak testified that, in his opinion, the accident in which claimant was involved on October 17, 1962 did not cause or aggravate the disease process.

In the face of the direct conflict in the medical evidence, the Referee and the Board made findings accepting the testimony of Drs. Rowe and Novak and rejecting the testimony of Dr. Johnston. This was plainly within the scope of its authority as the trier of fact.

The lower court reluctantly accepted the Board's findings when it stated in its opinion as follows: "It would seem, therefore, that we are bound by the Board's finding that the employee died of amyotrophic

lateral sclerosis." Nevertheless, the lower court ordered a remand for the presentation of further medical evidence, with the following explanation for such action: "In view of the rarity of the disease, its difficulty of diagnosis, and the fact that even the defendant's doctor failed to diagnose it on decedent's initial admission to the hospital, it is our view that the claimant should be given an opportunity to prove whether, assuming that Mr. Fesh's death was due to amyotrophic lateral sclerosis, and that its onset pre-dated the accident, his accidental injury aggravated or accelerated his condition."

In addition to this explanation, the lower court relied on *Wilk v. The Budd Company*, 174 Pa. Superior Ct. 108, 100 A. 2d 127 (1953) as authority for its remand. However, that case is distinguishable: it involved a claimant who had suffered two separate accidents and suffered back injuries in each; both accidents were alleged in the initial Board proceeding; there was no evidence in the record concerning whether or not the second accident had aggravated the initial injury and the lower court found that the Board had based its decision on inadequate testimony.

Such is not the situation here. The question of aggravation on which additional testimony is sought was raised by claimant for the first time before the lower court. Inasmuch as Dr. Rowe and Dr. Novak both expressed the opinion that the accident did not aggravate the disease and Dr. Johnston testified that the injury to decedent's ankle could not have affected the course of any disease, it must be presumed that the Board considered this evidence in reaching its decision. There is no finding here by the lower court that the Board's decision was based on inadequate testimony.

The more appropriate precedent here is *Rozauski v. Glen Alden Coal Co.*, 165 Pa. Superior Ct. 460, 69 A.

2d 192 (1949), cited by the Court in *Wilk, supra.* In that case, claimant alleged that he was totally disabled as a result of anthracosilicosis. When the medical testimony conflicted, the Board appointed an impartial expert who stated that the claimant was totally and permanently disabled as a result of the disease. One of the medical experts testified that while the claimant could not follow his occupation as a coal miner, he could do light work of a general nature. On the basis of this testimony, the Board found that claimant was only partially disabled and denied compensation. The lower court held that that finding was not supported by competent evidence and remanded the case to the Board for further findings. In reversing the lower court, the Superior Court said, at page 462 of 165 Pa. Superior Ct.: "We are of the opinion that this is a case in which the findings of the board, supported by competent and substantial evidence, were binding upon the court of common pleas; that it had no authority, under the facts in this record, to remit the record to the board for further findings; and that it should have affirmed the board and entered judgment for defendant."

In the present case, the Board chose to accept the testimony of the appellant company's medical witnesses and affirmed the Referee's finding that the decedent died of a disease which was not causally connected to his October 17, 1962 accident. Claimant and decedent offered no evidence of aggravation and did not even raise the point until oral argument on the appeal to the Court of Common Pleas.

The finding of the Board that there was no causal connection between the accident and decedent's disease means that it did not cause or aggravate the disease and this finding is supported by substantial and competent evidence which must be accepted by the lower

court. The lower court's remand to the Board was accordingly improper. *Rizzo v. Baldwin-Lima-Hamilton Corporation, supra.*

The order of the Court of Common Pleas of Washington County is reversed and the decision of the Workmen's Compensation Board is reinstated.