**John DE NAFO, Appellant,**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare.**

**No. 18314.**

United States Court of Appeals, Third Circuit.

Argued Dec. 10, 1970.

Decided Jan. 6, 1971.

**738**

Howard B. Kagan, Kaser & Ginsburg, Williamstown, N. J., (Leonard H. Kaser, Kaser and Kagan, Williamstown, N. J., on the brief), for appellant.

Robert M. Feinson, Atty., Dept. of Justice, Washington, D. C., (William D. Ruckelshaus, Asst. Atty. Gen., Frederick B. Lacey, U. S. Atty., Kathryn H. Bald-win, Atty., Dept. of Justice, Washington, D. C., on the brief), for appellee.

Before ALDISERT, ADAMS and ROSENN, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

This appeal is from a summary judgment for the defendant entered by the District Court in an action, filed pursuant to Section 205(g) of the Social Security Act as amended, 42 U.S.C. Section 405(g), to review a final decision of the Secretary of Health, Education and Welfare, denying plaintiff's claim for Social Security disability benefits.

On September 10, 1964, the appellant filed an application for disability benefits under Sections 216(i) and 223 of the Social Security Act as amended, 42 U.S.C. Sections 416(i) and 423, claiming that since June 12, 1957 he was unable to work due to a heart condition. The application was denied by the Social Security Administration initially and again on reconsideration. The appellant then requested and was granted a hearing which was held on July 14, 1965. At that hearing, the appellant appeared in person and was represented by counsel. The Hearing Examiner considered the case de novo, and on October 15, 1965, issued a decision in which he found that the appellant had failed to establish that he was disabled within the meaning of the Act at any time prior to the expiration of his insured status on June 30, 1958. The Hearing Examiner, therefore, denied benefits. Upon appellant's request, the decision was reviewed by the Appeals Council who affirmed on March 2, 1966. The Council also found that, based on a re-certified earnings record, appellant last met the earnings requirements through March 31, 1959.[1]

---

1. 42 U.S.C. Section 423(c) provides that:
   For purposes of this section—
   (1) An individual shall be insured for disability insurance benefits in any month * * *
   (B) (i) if he had not less than twenty quarters of coverage during the forty-quarter period which ends with the quarter in which such month occurred.
   The Appeals Council found that the last month claimant so qualified was March, 1959.

On June 21, 1966, appellant brought this suit in the District Court of New Jersey seeking judicial review of the decision of the appellee, Secretary of Health, Education and Welfare, denying the claim for disability benefits. After careful consideration, Chief Judge Madden reversed the Appeals Council and held for the appellant, DeNafo v. Gardner, 272 F.Supp. 44 (N.J.1967). The Secretary then moved[2] for an order to reopen the judgment and to remand to the Secretary for a hearing on additional evidence. On November 14, 1967, the court vacated its judgment and granted the Secretary's motion to remand. A supplementary hearing was held on March 19, 1968. Claimant-appellant again appeared in person and was represented by counsel. The Hearing Examiner found for the claimant-appellant.

The matter then came before the Appeals Council for final administrative decision. The Appeals Council, after hearing additional evidence, concluded that the claimant-appellant was able to engage in substantial gainful employment at the time he last met the special earnings requirements and rejected the Hearing Examiner's recommendation. Accordingly, it held that claimant was not entitled to disability benefits under the Act. Cross motions for summary judgment were then filed in the District Court and the Court granted the Secretary's motion.

Two issues are raised on this appeal:

(1) The primary issue of whether the court below was correct in holding that there was substantial evidence to support the Secretary's determination denying disability benefits to appellant; and

(2) Were the findings of the court below in its first opinion in this case the "law of the case" and binding on the appellee?

■ In examining the major issue, a critical determination, on which there is no dispute, is that the appellant last met the earnings requirements under the So-cial Security Act on March 31, 1959. He had to demonstrate, therefore, that on or before that date he was prevented from performing any substantial, gainful activity by reason of medically determinable impairment which continued to the time he filed his application. This is essentially a medical question and the salient facts are the following: Appellant, a house painter by trade, suffered a myocardial infarction on June 6, 1957 when only forty years of age. The diagnosis was that his condition was due to an arteriosclerotic coronary thrombosis. After a three week hospitalization, he was sent home to continue his recuperation. He remained inactive, except for a brief sewing machine repair course, until late 1960. In the meantime, he developed angina which was diagnosed as such in November, 1959. The appellant resumed work in late 1960 and worked sporadically in such jobs as his health would permit until May 9, 1964 when he suffered his second myocardial infarction. For the next two and a half years he was incapable of working, and has since been unable to perform any work on a permanent basis.

■ The major and insurmountable problem with which appellant is confronted, however, is that there is medical evidence to support the Secretary's findings that the appellant's initial coronary episode in 1957 was followed by substantial recovery. There is substantial evidence to support the Secretary's medical and vocational findings that on the significant date of March 31, 1959, the appellant retained the physical capacity to engage in substantial gainful activity within the meaning of the Act as amended, although with certain restrictions. Therefore, his physical condition subsequent to the second coronary episode on May 8, 1964 and his unemployability thereafter are not relevant to the issue.

We have carefully and sympathetically reviewed all of the facts in this case. Had we made the original determina-

---

2. Pursuant to 42 U.S.C. Section 405(g).

tion, it is more than likely that we would have decided in favor of the appellant. On appeal, however, our function is severely limited to a determination of whether there is substantial evidence to support the Secretary's finding. Under the Act, the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive \* \* \*." Section 205(g) as amended, 42 U.S.C. § 405(g). Rome v. Finch, 409 F.2d 1329 (5th Cir.1969). Palmer v. Celebrezze, 334 F.2d 306 (3rd Cir.1964).

We must also reject appellant's contention that the findings in the original decision of Chief Judge Madden became the "law of the case" and res judicata under the doctrine announced in Sibbald v. United States, 37 U.S. (12 Pet.) 488, 9 L.Ed. 1167 (1838). This argument has no merit since the court below vacated its original judgment and granted the Secretary's motion to remand pursuant to 42 U.S.C. Section 405(g).

The judgment of the District Court, therefore, will be affirmed.