Heriberto B. HERNÁNDEZ, Plaintiff,

v.

SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.

Civ. No. 608–70.

United States District Court, D. Puerto Rico.

Feb. 2, 1972.

Antonio González-Geigel, Hato Rey, P. R., for plaintiff.

Wally de la Rosa, Asst. U. S. Atty., Old San Juan, P. R., for defendant.

## MEMORANDUM and ORDER

FERNANDEZ–BADILLO, District Judge.

This 57-year old claimant with a third grade education who worked as an agricultural laborer until 1962 and thereafter as a foreman employed by the Municipal Works Department, filed his first application for a period of disability and disability insurance benefits on January 14, 1963. He then alleged inability to engage in work because of fractured ribs and the removal of his spleen. This application was denied by the Social Security Administration and no appeal was taken on this first claim.

■ On June 3, 1969, plaintiff filed a second application alleging inability to work since November 14, 1968. He described his disability as "multiple fractures of ribs, various operations; hernia", (Tr. p. 35). The adverse decision of the hearing examiner was affirmed by the Appeals Council of the Social Security Administration. Plaintiff's earning records show that the special earnings requirements were last met on December 31, 1969. Therefore, to be entitled to a period of disability and the corresponding insurance benefits, it is necessary for plaintiff to establish that on or before December 31, 1969 he was impaired to such a degree as to be unable to engage in substantial and gainful activity.

In 1962, seven years prior to his second application, plaintiff was involved in an automobile accident in which he suffered the fracture of several ribs. An abdominal laparotomy had to be performed, and his spleen removed. There was a left hemothorax and pneumonic infiltration of the left lung. On October 2, 1962 he was discharged from the Municipal Hospital of Arecibo as improved, with good prognosis.

Plaintiff was also examined by Dr. Rafael Morales-Fernández, an orthopedic surgeon, on November 18, 1969. (Tr. 78–79.) X-rays were taken and the results of this physical examination were generally negative. It revealed full and equal range of motion of all joints of the upper extremities. It was reported that Mr. Benítez was able to sit, stand, stoop, bend, reach, squat and kneel well and without significant difficulties. There was some erosion of the superior and anterior aspect of the vertebral body which could cause plaintiff "some on and off discomfort" (Tr. p. 79). It was found that claimant should be able to do "moderate to regular amount and type of work, avoiding heavy type of jobs or occupations." (Tr. p. 79.)

The vocational expert testified that petitioner could return to his work as a foreman. Other unskilled jobs which he found to be within the functional capacities of applicant are janitorial work, industrial parking area attendant, flagman, porter, gasoline pump man and as a parts distributor in the electrical and light metal industries (Tr. pp. 31–33).

■ Establishment of entitlement to the benefits claimed is the burden of the plaintiff and in the instant case, he has failed to carry the burden. Henry v. Gardner, 381 F.2d 191 (6th Cir., 1967); Stumbo v. Gardner, 365 F.2d 275 (6th Cir., 1966); May v. Gardner, 362 F.2d 616 (6th Cir., 1966); Centeno-Rios v. Secretary of Health, Education and Welfare, 312 F.Supp. 1330 (D.P.R.1970).

The medical evidence on record has failed to show that the accident suffered in 1962 by plaintiff has rendered him unemployable. Furthermore, plaintiff himself testified at the hearing that his doctor had told him three or four times that he should have the hernia operated on but that the same did not bother him a great deal (Tr. p. 21). Stillwell v. Cohen, 411 F.2d 574 (5th Cir., 1969); Knox

v. Finch, 427 F.2d 919 (5th Cir., 1970); Osborne v. Cohen, 409 F.2d 37 (6th Cir., 1969); Hall v. Gardner, 403 F.2d 32 (6th Cir., 1968).

The statutory requirements of Section 223(d) (3) of the Social Security Act, as amended, 42 U.S.C. § 423(d) (3) that an impairment, to be considered disabling must result from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory techniques, have not been met. Claimant's testimony as to his disabling condition is here overcome by substantial evidence supporting the Secretary's finding that he is able to work. Reyes Robles v. Finch, 409 F.2d 84 (1st Cir., 1969); Dvorak v. Celebrezze, 345 F.2d 894 (10th Cir., 1965); Toledo v. Secretary of Health, Education and Welfare, 308 F.Supp. 192 (D.P.R.1970).

Therefore, the decision of the Secretary is supported by substantial evidence and is hereby affirmed, and the action is hereby dismissed.