Patricia **MELLON** et al., Appellants,

v.

Elliot L. **RICHARDSON**, Secretary of Health, Education and Welfare.

No. 71–1635.

United States Court of Appeals, Third Circuit.

Argued May 22, 1972.

Decided Aug. 2, 1972.

Joseph E. Lastowka, Jr., Kassab, Cherry, Curran & Archbold, Chester, Pa., for appellants.

William Kanter, Department of Justice, Appellate Section, Washington, D. C., for appellee.

Before STALEY, ALDISERT and HUNTER, Circuit Judges.

## OPINION OF THE COURT

STALEY, Circuit Judge.

Patricia Mellon and her three children, Denise, Michael and Patrick, instituted this action seeking review of a decision of the Secretary of Health, Education and Welfare. The decision involves Social Security benefits from the account of a deceased wage earner, one Joseph Mellon. The Secretary ruled that Patricia Mellon was ineligible for widow's benefits under the Social Security Act because she had not been the wife of Joseph Mellon. He further ruled that her children could not receive benefits by virtue of the family-maximum provisions of the Act as they apply to certain illegitimate children. The district court held that the Secretary's decision was supported by substantial evidence and granted the Secretary's motion for summary judgment.

Joseph Mellon was first married in a ceremonial marriage to one Joan Walker. One child resulted from this marriage which ended in divorce in July of 1957. Prior to the date of the divorce, in May of 1956, a son, Joseph, Jr., was born out of a relationship between Joseph Mellon and one Alice Nied who had begun to live together as man and wife. A second child, Yvonne, was born in 1960. Alice Nied testified that she and Joseph lived together and operated a luncheonette business together. It was her testimony that Joseph deserted her.

In November of 1963, Joseph exchanged common law marriage vows with one Patricia Taylor before two witnesses. Thereafter, until Joseph's death, he and Patricia lived together as man and wife and had two children, Michael and Patrick. A third child, Denise, had been born in October of 1963, prior to the exchange of vows.

The hearing examiner found that the evidence supported the conclusion that a valid common law marriage had existed between Joseph and Alice that was never

dissolved. He therefore ruled that Joseph lacked the capacity to enter into a marriage with Patricia. Further, the hearing examiner found that there was evidence that Patricia knew of the marriage to Alice and therefore her participation in a common law ceremony with Joseph was not in good faith.

The hearing examiner ruled that Alice was the wife of the wage earner at the time of his death. The two children born to Joseph and Alice and the child born earlier to Joseph and Joan were ruled legitimate children. The three children born to Joseph and Patricia were ruled illegitimate. These last three children qualify as children of the wage earner pursuant to 42 U.S.C. § 416(h) (3). However, under this section of the Social Security Act, since the combined amounts payable to the other four beneficiaries—Alice and the first three children—would exceed the maximum family benefit, no sums at all are payable to the three illegitimate children.

Appellants argue, *inter alia*, that the evidence before the hearing examiner does not support his ruling that Alice was the wife of the wage earner at the time of his death; that the evidence in fact establishes that Patricia was his wife at the time of his death; and that even assuming a lawful marriage between Alice and Joseph, the three children deemed illegitimate are entitled to the same benefits as the three older children under the equal protection clause of the Fourteenth Amendment.

The structure of the hearing examiner's decision leads us to first consider the argument that Patricia and not Alice is the widow of the wage earner, for if Patricia prevails on this issue, her children will also prevail.

Following an administrative appeal of the hearing examiner's decision, the appeals council concluded that the decision was correct and would stand as the final decision of the Secretary in this case.[1] We have recently held that the scope of our review in cases such as this one is severely limited to a determination of whether there is substantial evidence to support the Secretary's findings. DeNafo v. Finch, 436 F.2d 737, 740 (C.A.3, 1971).

In support of his finding that a valid marriage existed between the wage earner and Alice Nied, the hearing examiner noted that they had lived together for at least seven years, had owned real estate jointly, had operated a business jointly, and had filed a joint income tax return in 1962. In addition, there were several documents in evidence which the examiner found to confirm a marriage between the wage earner and Alice Nied.

Finally, the examiner cited the following testimony by Alice Nied:

"We said we were man and wife. He introduced me as his wife. I introduced him as my husband. We lived together, we bought property together. We went into business together. I stood by him and he stood by me even when I was sick."[2]

1. We find it necessary as this point to note that the findings of the hearing examiner and in fact his entire decision, which has been adopted by the Secretary, are quite confusing. For example, specific finding # 4 by the examiner is that the marriage between Joan Walker and Joseph Mellon was terminated by a decree of divorce issued on July 8, 1957, by the Court of Common Pleas of Delaware County, Pennsylvania. Finding # 5 states that in September 1956 the deceased wage earner entered into a common law marriage with Alice Nied. Obviously these findings are contradictory and are inconsistent with the Secretary's determination that it is Alice and not Patricia who is the widow of the wage earner and thus entitled to benefits. There are other inconsistencies and confusing statements in the decision that, taken together, might ordinarily require remand for a new hearing. We do not deem it necessary to remand for such purpose, however, because when read as a whole, the hearing examiner's rationale seems clear.

2. The hearing examiner's decision, while not specifically citing them in support of the finding of a valid marriage between Joseph and Alice, seems to place some reliance on statements made by Patricia on

We hold that the examiner's finding that a valid common law marriage was entered into by Joseph Mellon and Alice Nied is not supported by the evidence in the record and is contrary to applicable law. We have carefully examined both the hearing examiner's decision and the record, and while there are conflicts, we have determined that all of the various dates given for the beginning of the wage earner's relationship with Alice Nied predate the decree of divorce from his first wife. Thus, their initial relationship was meretricious. All of the parties in the case reside in Pennsylvania, and all of the relevant events occurred in Pennsylvania. It is very clear that under Pennsylvania law, a meretricious relationship once commenced is presumed to continue during the cohabitation of the parties. In re Stauffer's Estate, 372 Pa. 537, 94 A.2d 726 (1953); Brown v. Atlantic and Gulf Stevedores, Inc., 2 Pa.Cmwlth. 481, 279 A.2d 372 (1971). The burden was on Alice Nied to prove a change in that relationship and the establishment of a common law marriage. In re Stauffer's Estate, *supra*; Brown v. Atlantic and Gulf Stevedores, Inc., *supra*.

As recently as 1971 the Pennsylvania Supreme Court ruled that a common law marriage is established by words in the present tense uttered with the view and for the purpose of establishing the relation of husband and wife. In re Estate of Gower, 445 Pa. 554, 284 A.2d 742 (1971). There is nothing in the testimony of Alice Nied cited by the examiner which meets the Pennsylvania requirements. It is apparent from Alice Nied's testimony that such an exchange of present tense declarations never took place.[3]

Such declarations were clearly proved in the case of Joseph Mellon's marriage to Patricia Taylor. Patricia testified as to their nature and the declarations were made before witnesses. As we read the hearing examiner's decision, the sole basis for finding the marriage to Patricia invalid was the wage earner's lack of capacity to marry due to an existing marriage to Alice Nied. Having held that there was no valid marriage to Alice Nied, we rule that the wage earner did subsequently enter into a valid marriage with Patricia Taylor. The three children born to Patricia are thus legitimate children of the wage earner and therefore entitled to primary benefits under the Social Security Act. Patricia Mellon is entitled to widow's benefits under the Act.

In view of our disposition of this case, we find it unnecessary to reach the constitutional question.

The order of the district court will be reversed and the cause remanded for further proceedings consistent with this opinion.

certain forms submitted to HEW in application for Social Security benefits. Those forms in part request information about other wives and dependents of a deceased wage earner. Patricia had indicated that Alice Nied had been married to Joseph Mellon. Patricia now disputes the accuracy of those statements. We find it unnecessary to consider her argument since we think it clear that such conclusory statements have no probative value to the issue of whether in fact Joseph Mellon and Alice Nied had entered into a valid common law marriage.

3. On this precise issue, when Alice Nied was cross-examined, the following colloquy took place:

"Q. When if ever, did you say the words similar to those that Patricia Mellon said?

"A. You mean when she says did you take this man? All our lives we loved one another, and he was my husband, that is all I can say.

"Q. Did you say this is my husband, Joe?

"A. This is my husband, he introduced me, this is my wife, he introduced me.

"Q. This is the only way it was ever said?

"A. Yes, he was my husband and I was his wife. In each others eyes we were married."