Marshall W. CLARK, Jr.

v.

Caspar WEINBERGER, Secretary of the United States Department of Health, Education and Welfare.

Civ. A. No. 73-235.

United States District Court,
D. Vermont.

July 26, 1974.

Kissane & Heald Assoc., Daniel J. Lynch, St. Albans, Vt., Douglas L. Molde, and Vermont Legal Aid, Inc., St. Albans, Vt., for plaintiff.

George F. W. Cook, U. S. Attorney, for defendant.

## MEMORANDUM AND ORDER

HOLDEN, Chief Judge.

The plaintiff, an unemployed 38 year old male, seeks review in this court, pursuant to 42 U.S.C. § 405(g), of a final decision of the Secretary denying him disability insurance benefits under the Social Security Act. A prior application for disability benefits was denied after hearing in 1969. The present application was made on September 8, 1970. After denial of the present application, a hearing was requested and granted. The hearing was conducted by an administrative law judge in Burlington, Vermont on October 17, 1971. Counsel was present to represent the plaintiff. The administrative law judge found "that the medical evidence of record fails to establish that up to June 30, 1971 the claimant's epileptic impairment was so severe that he was prevented thereby from engaging in any substantial gainful activity." June 30, 1971 was the last date the special earnings requirement was met. This decision was affirmed by the Appeals Council on June 25, 1973, after consideration of additional evidence submitted by the plaintiff.

In order to qualify for the claimed benefits the plaintiff must show a disability as defined by the Social Security Act. Section 216 (42 U.S.C. § 416(i)(1) of the act defines disability as "[The] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can to be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

■ The findings of an administrative agency are conclusive if supported by substantial evidence. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938). To determine whether the findings are supported by substantial evidence the reviewing court is required, under § 706 of the Administrative Procedure Act, to examine the whole record; evidence detracting from the weight of the findings must be taken into account as well. Universal Camera Corp. v. NLRB, 340 U.S. 474, 487, 71 S. Ct. 456, 95 L.Ed. 456 (1951); Gold v. Secretary of Health, Education and Welfare, 463 F.2d 38 (2d Cir. 1972); Dolan v. Celebreeze, 381 F.2d 231 (2d Cir. 1967).

The principal impairment, which the plaintiff contends rendered him disabled prior to the date when he last met the special earnings requirement, was a recurrent seizure disorder, diagnosed as grand mal epilepsy. The medical evidence introduced at the hearing included reports and statements from various hospitals and physicians, as well as the plaintiff's own descriptions and those of

his wife. The administrative law judge also considered exhibits from the prior hearing conducted in 1969.

According to the medical evidence, the plaintiff was admitted to the neurology clinic of the U. V. M. Medical Center with complaints about headaches and nausea in November 1968. An electrocardiogram and an electroencephalogram were normal. Radiograms of the skull showed no abnormality. Repeat brain scans were within normal limits. The plaintiff again visited the Medical Center on June 23, 1970, after being transferred there from the Kerbs Memorial Hospital emergency room for evaluation. He had passed out that morning and was taken by ambulance to Kerbs. An electroencephalogram report was normal. All neurological examinations were again within normal limits.

The plaintiff had also been consulting Dr. Robert Engisch since the mid-sixties. Dr. Engisch indicated in reports to the administrative law judge that the plaintiff had been having grand mal seizures since 1966 and that one such seizure had been witnessed at the Kerbs Hospital in August of 1972. Dr. Engisch indicated that the plaintiff was "disabled to a certain extent only"—that he could perform any non-dangerous occupation which would not require operation of a motor vehicle or dangerous machinery; otherwise, he was employable. Dr. W. Dale Hooper of St. Albans, Vermont, who had also treated the plaintiff, indicated in a letter to the plaintiff's attorney on June 14, 1971, that the plaintiff had grand mal epilepsy which precluded him from engaging in gainful employment.

Other testimony introduced at the hearing included descriptions by the plaintiff's wife of his seizures and she testified that at that time he was having three or four a month. Also a letter of the plaintiff's aunt was considered, which described the seizures she had witnessed. The decision of the administrative law judge considered the fact that the plaintiff was receiving disability benefits from the Veterans Administration and the State of Vermont and that his driver's license had been suspended due to his physical condition. The plaintiff's last employment was with Vermont Industrial Homeworks in 1970. There was also medical evidence that if the claimant took prescribed medication as directed, his epileptic condition would be better controlled.

■■ An individual claiming a disability within the meaning of 42 U.S.C. § 416(i)(1) has the burden of proving such a disability. It is within the province of the Secretary to weigh all the evidence and to resolve any conflicts in the evidence and on the record. Ragan v. Finch, 435 F.2d 239 (6th Cir. 1970); Miller v. Finch, 430 F.2d 321 (8th Cir. 1970). The plaintiff was also called upon to establish that he was disabled prior to June 30, 1971, the date he last met the special earnings requirement. The disability must be total and to the extent that the claimant is precluded from engaging in any substantial gainful activity. Floyd v. Finch, 441 F.2d 73 (6th Cir. 1971). The fact that the plaintiff is receiving disability benefits from the V. A. and the state is not controlling on the Secretary; it is only one factor to be considered along with other evidence presented. Martin v. Ribicoff, 196 F.Supp. 547 (D.C.Mont.1961).

■ It was the duty of the hearing judge to evaluate the medical evidence on the central issue of the claimant's ability to engage in any gainful employment. In weighing the medical evidence on the effect of the claimant's epilepsy, it was within his province to attach greater significance to the opinion of the neurologist than the differing view of a doctor who had not specialized in this field.

Review of the full record makes it clear that the decision of the hearing judge is founded on substantial evidence. Accordingly, the order of the Secretary is affirmed.