**Guta SEISLOWSKI, Plaintiff,**

**v.**

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**No. 78 C 2309.**

United States District Court, E. D. New York.

Oct. 2, 1979.

Joseph R. Walsh, New York City, for plaintiff.

Edward R. Korman, U.S. Atty., E.D. New York, Brooklyn, N.Y. by Jo A. Davis, Asst. U.S. Atty., and Borge Varmer, Regional Atty., Region II Dept. of Health, Ed. and Welfare, New York City by Julia T. Reed, Asst. Regional Atty., New York City, for defendant.

## MEMORANDUM OF DECISION AND ORDER

NEAHER, District Judge.

This action to review a denial of Social Security disability insurance benefits was initially referred to a United States Magistrate to review the administrative record, hear the contentions of the parties, and report to the court his recommended disposition of the parties' respective motions for judgment on the pleadings. That has been done and the matter is now before the court on the Magistrate's recommendation that

the case be remanded to the Secretary "with instructions to obtain more substantial evidence . . . and to give the plaintiff an opportunity to produce more appropriate medical testimony regarding her disability."

■ After an independent searching review of the record and careful study of the parties' briefs, the court is of opinion that the Secretary's decision is supported by substantial evidence and thus a remand is not called for. In reaching its conclusion, the court is mindful that the Social Security Act should be liberally construed so as to accomplish its humane purposes. These purposes are twofold: (1) to provide disability benefits to insured persons when their physical impairments are of such severity as to prevent gainful employment; and (2) to provide retirement benefits to those who have reached the specified age of retirement, namely 65, and cease employment. The contributions made by plaintiff and other workers support both purposes, but one purpose is not to be mistaken for the other.

On September 30, 1975, when plaintiff's insured status expired, she was 51 years of age. Born in Poland, she came to the United States in 1950 and became a citizen. Although her childhood education ended with the third grade, she went to school here to learn English, which she speaks adequately as reflected in the record. In 1959, at the age of 35, plaintiff began employment in the garment industry as an electric sewing machine operator and later as a finisher of men's clothes.

The record is not altogether clear when plaintiff actually ceased working because of claimed disability. Her Social Security earnings record shows no earnings in 1970, only $86.92 in 1971 and $1,221.13 in 1972 (Exh. 7), when, she testified, she stopped working because she was "not feeling good" and thereafter collected unemployment insurance benefits for 26 weeks (Tr. 25). Plaintiff's application for disability insurance benefits filed on November 22, 1974, reveals that she also received a workmen's compensation award of $15 per week for the period May 1974 to September 1974. In that application "August 25, 1972" appears as the date when plaintiff claims she became unable to work because of "head injury—dizziness—headaches" (Exh. 1, Tr. 54–55).

In recommending a remand, the Magistrate viewed the medical evidence as insufficient to justify "the Secretary's negative answer" to plaintiff's claim and thus she ought to be given a further opportunity to produce "more appropriate medical testimony regarding her disability." The court's difficulties with that recommendation are twofold.

■ First, plaintiff was represented throughout by a private attorney who had prior written notice of the nature of the disability issue to be determined and the claimant's burden of proof; who was invited to examine in advance of the hearing the documentary evidence which had been gathered by the administrative law judge; and who was offered the assistance of the judge in submitting any additional evidence which was available (Tr. 15–16). If evidence was lacking to sustain the plaintiff's acknowledged burden of proof, it was not the responsibility of the administrative law judge to find it or create it. This case is to be distinguished from one where the claimant is not represented by counsel, prompting courts to impose a greater burden on the administrative law judge "scrupulously and conscientiously [to] probe into, inquire of and explore for all the relevant facts," see *Cutler v. Weinberger*, 516 F.2d 1282, 1286 (2 Cir. 1975), even though the role of the administrative agency is that of "an adjudicator and not as an advocate or adversary." *Richardson v. Perales*, 402 U.S. 389, 403, 91 S.Ct. 1420, 1428, 28 L.Ed.2d 842 (1971). Any dearth of medical evidence in this case is not due to agency fault but rather, as shown below, to its non-existence.

Second, there is nothing in the record even suggesting that plaintiff was ever hospitalized or treated for any "head injury" claimed as a disability in her application (Exh. 1, Tr. 54). What does appear is that she is suffering from essential hyperten-

sion [1]—high blood pressure—and mild arthritis, ailments common to many who nonetheless manage to perform their daily work (Tr. 85, 87). Furthermore, she has been followed for those conditions at the Sidney Hillman Health Center "for many years with no significant abnormalities" (Tr. 95).

Her additional disability complaints of "headaches, dizziness" began in 1950, long before she became employed (Tr. 66), and for which she saw a Dr. German "every few weeks" from 1950 until he died in 1974 (Tr. 66). Thereafter she was treated "every few months" for similar complaints by Dr. Martin Bandler, a gastroenterologist, who continued her on valium and other "pills" (Tr. 66, 92) and has apparently kept her hypertension under good control. In recent years her blood pressure has dropped from 160/100 to 140/74 (Tr. 87, 95), although she apparently still has a problem with obesity because of failure to follow her prescribed diet.

In sum, the medical reports in the record provided ample substantial evidence to support the Secretary's conclusion that controlled hypertension and mild osteoarthritis are not physical impairments of such severity as to prevent plaintiff from resuming the type of work she formerly performed or work of similar nature. Supporting that conclusion is the testimony of the vocational expert at the hearing who stated that plaintiff's former work was considered semi-skilled and sedentary to light activity, which she could undoubtedly perform, were it not for her subjective complaints.

Thus there remains for consideration only the newly described subjective claim of "anxiety state" which, in the opinion of Dr. Bandler, "prevents [plaintiff] from using public transportation; therefore, she is totally disabled from work" (Exh. 15, Tr. 92). Initially, it should be noted that Dr. Bandler's opinion was given as of April 14, 1978, almost two and a half years after plaintiff's insured status had expired. Thus, even assuming that her "anxiety state" predated September 30, 1975, there is no evidence that it had reached disabling severity prior to that date. Evidence of impairment which reached disabling severity after the expiration of plaintiff's insured status, or exacerbation of an existing impairment after expiration, cannot be the basis for the determination of entitlement to a period of disability and disability insurance benefits, even though the impairment itself may have existed before plaintiff's insured status expired. *DeNafo v. Finch,* 436 F.2d 737 (3 Cir. 1971); *Henry v. Gardner,* 381 F.2d 191 (6 Cir. 1967), *cert. denied,* 389 U.S. 993, 88 S.Ct. 492, 19 L.Ed.2d 487 (1967), *rehearing denied,* 389 U.S. 1060, 88 S.Ct. 797, 19 L.Ed.2d 864 (1968); *Selig v. Richardson,* 379 F.Supp. 594 (E.D.N.Y.1974); *Clark v. Weinburger,* 389 F.Supp. 1168, 1170 (D.Ct.1974); *Gardner v. Richardson,* 383 F.Supp. 1 (E.D. Pa.1974); *LaBoy v. Richardson,* 355 F.Supp. 602 (D.P.R.1972); *Hernandez v. Secretary of Health, Education, and Welfare,* 336 F.Supp. 1077 (D.P.R.1972); *McConnell v. Richardson,* 321 F.Supp. 1397 (W.D.Pa. 1971); *Mann v. Richardson,* 323 F.Supp. 175 (S.D.N.Y.1971).

Moreover, although Dr. Bandler is a treating physician, this is not a case in which his opinion must be held to be binding upon the Secretary. *Cf. Bastien v. Califano,* 572 F.2d 908 (2 Cir. 1978), recently reaffirmed in *Alvarado v. Califano,* 605 F.2d 34 (2 Cir. 1979). That rule is applicable only when no contradictory medical evidence appears in the record. Here, the medical reports of physicians at the Sidney Hillman Health Center establish that plaintiff's only ailments are hypertension, which is being controlled by medication, mild osteoarthritis, and obesity for which a diet has been prescribed. However distressful plaintiff's anxiety state may be to her, there is substantial evidence to support the Secretary's determination that she is neither physically nor mentally disabled from performing gainful work, if she chooses to do so.

1. Dorland's Medical Dictionary (24th ed.) defines essential hypertension as "high blood pressure occurring without discoverable organic cause."

■ Finally, contrary to Dr. Bandler's opinion, plaintiff's feelings of apprehension, uncertainty and fear do not constitute a disability in the absence of any significant medically determinable physical or mental impairment as is the case here. *Alvarado v. Weinberger*, 511 F.2d 1046 (1 Cir. 1975); *Ennis v. Califano*, 427 F.Supp. 260 (E.D. Mo.), *aff'd*, No. 17–1167 (8 Cir., September 29, 1977). And while inability to use public transportation is a factor to be considered in determining ability to pursue gainful employment, *Robinson v. Richardson*, 360 F.Supp. 243 (E.D.N.Y.1973), it should be established by objective evidence, not merely by subjective statements of a clearly interested party. Plaintiff acknowledged continued use of public transportation at the hearing, albeit claiming she was accompanied by her daughter or son after feeling "sick" and "dizzy" when she took a bus alone (Tr. 31, 33). The credibility of such statements is a matter solely for the Secretary's determination; they do not have to be "accepted at face value." *Deyo v. Weinberger*, 406 F.Supp. 968, 973 (S.D.N.Y.1975).

Upon the entire record, the court is left with no doubt that the Secretary's determination was based upon substantial evidence, that there is no need for a remand, and that judgment in favor of the Secretary should be granted, dismissing the complaint.

SO ORDERED.