JAMES L. HUDSON, PETITIONER *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT

Docket No. 4272-92.          Filed June 23, 1993.

James L. Hudson, pro se.[1]
*T. Richard Sealy, III,* for respondent.

### OPINION

SWIFT, *Judge:* After trial on March 5, 1993, the parties
were asked by the Court to submit briefs on one of the pri-
mary legal arguments made by petitioner herein; namely,
whether respondent is barred by collateral estoppel from
contesting the value of certain master educational audio
tapes (master audio tapes) as found by a Federal District
Court in an injunction proceeding under sections 6700 and
7408.

Respondent determined deficiencies in and additions to
petitioner's individual Federal income taxes as follows:

*Additions to tax*

| Year | Deficiency | Sec. 6621(c) | Sec. 6653(b) | Sec. 6653(b)(1) | Sec. 6653(b)(2) | Sec. 6654 | Sec. 6661 |
|------|-----------|--------------|--------------|-----------------|-----------------|-----------|-----------|
| 1981 | $178,338 | 1 | $89,169 | - - - | - - - | $13,663 | - - - |
| 1982 | 373,175 | 1 | - - - | $186,588 | 2 | 33,446 | $93,294 |
| 1983 | ·365,637 | 1 | - - - | 182,819 | 2 | 22,372 | 91,409 |
| 1984 | 83,644,046 | 1 | - - - | 41,822,023 | 2 | 5,258,801 | - - - |
| 1985 | 82,454,846 | 1 | - - - | 41,227,423 | 2 | 4,725,002 | - - - |

[1] 120 percent of the interest accruing after Dec. 31, 1984, on the portion of the
underpayment attributable to a tax-motivated transaction.
[2] 50 percent of the interest due on the portion of the underpayment attributable to
negligence.

Unless otherwise indicated, all section references are to the
Internal Revenue Code in effect for the years in issue.

Petitioner resided in Austin, Texas, at the time he filed his
petition.

[1] Petitioner was represented by *Ronald M. Mankoff* for purposes of filing petitioner's brief on
the issue of collateral estoppel. Counsel has since withdrawn his appearance.

During 1982 through 1985, petitioner, under the auspices of a wholly owned subchapter S Texas corporation named Texas Basic Educational Systems, Inc. (TBE Systems), promoted a tax-oriented investment program in which master audio tapes were leased to investors.

During 1982 and 1983, TBE Systems purchased from an unrelated corporation 423 master audio tapes for the stated purchase price of $200,000 each. The $200,000 stated purchase price was reflected by a $5,000 cash payment and a $195,000 deferred payment obligation secured only by each master audio tape. TBE Systems and petitioner, in turn, leased the 423 master audio tapes to investors.

Under the investment program and the terms of the lease agreements, investors were to make copies of the leased master audio tapes and to sell the copies to the general public. The amount of the lease payments the investors agreed to pay TBE Systems in connection with the lease of each master audio tape was $10,000 in cash and 60 percent of any revenue generated from the investors' sales of the copies of the master audio tape.

In promoting the master audio tape investment program, petitioner represented to investors that each master audio tape had a fair market value of $200,000. Petitioner further represented that investors would be entitled to claim an investment tax credit equal to 10 percent of the purported $200,000 fair market value of each master audio tape (i.e., an investment tax credit of $20,000), whether or not the investor actually sold any copies of the master audio tape.

In March of 1985, respondent commenced in the U.S. District Court for the Southern District of Texas (District Court) a proceeding under sections 6700 and 7408 to enjoin petitioner from the further promotion of his master audio tape investment program. In that proceeding respondent alleged, among other things, that petitioner's master audio tape investment program constituted an abusive tax shelter and that the master audio tapes were overvalued by more than 200 percent.

On August 16, 1988, after a lengthy trial, the District Court found that the master audio tapes leased by petitioner were not overvalued by more than 200 percent, that each master audio tape was worth at least $100,000, and that petitioner had not done anything illegal in promoting the

master audio tape investment program. The District Court therefore denied respondent's request for an injunction. See *United States v. Texas Basic Educational Systems,* CA No. H-85-1330 (S.D. Tex., Aug. 16, 1988).

Respondent appealed the District Court's judgment to the U.S. Court of Appeals for the Fifth Circuit. On April 3, 1990, in an unpublished one-paragraph opinion, the Court of Appeals affirmed the District Court's ultimate judgment that no injunction should be issued either against the further promotion of the master audio tape investment program by TBE Systems or by petitioner. The affirmance, however, was expressly based only on the conclusion by the court that there was no threat of a continuing violation of Federal tax laws because TBE Systems and petitioner had ceased promoting the tax shelter. The court's entire opinion reads as follows:

This is an appeal from a denial of an injunction by a United States District Court. The Internal Revenue Service requested that defendants be enjoined from engaging in activities violative of statutes and rules regulating tax shelters. We affirm the denial of injunctive relief but not for the reasons stated by the district court. Rather, we affirm the denial of injunctive relief for the reason that the record is bereft of evidence sufficient to warrant a conclusion that continuing violations were threatened. The transactions complained of by the government have apparently collapsed of their own weight. We emphasize that we do not suggest that the government was incorrect in its contentions that the complained of transactions were not legal. [*United States v. Texas Basic Educational Systems, Inc.,* No. 88-2994 (5th Cir., Apr. 3, 1990); fn. ref. omitted.]

On December 21, 1988, petitioner untimely filed his 1982 and 1983 individual Federal income tax returns on which returns petitioner claimed substantial losses pertaining to his ownership of TBE Systems. The losses claimed by petitioner related to depreciation deductions claimed by TBE Systems with respect to the master audio tapes.

On audit, respondent disallowed petitioner's claimed losses on the ground, among others, that the master audio tapes purchased by TBE Systems had little or no value and did not support the large depreciation deductions claimed.

Collateral estoppel is a doctrine utilized by courts for the dual purpose of protecting litigants from the burden of relitigating an identical issue in a subsequent proceeding and of promoting judicial economy by preventing unnecessary or

redundant litigation. *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 (1979); see *Commissioner v. Sunnen,* 333 U.S. 591, 597 (1948); *Hardy v. Johns-Manville Sales Corp.,* 681 F.2d 334, 338 (5th Cir. 1982); *Meier v. Commissioner,* 91 T.C. 273, 282-283 (1988).

Generally, the doctrine of collateral estoppel applies to prevent relitigation between the same parties of issues of law that were decided in an earlier proceeding on a different cause of action. *Montana v. United States,* 440 U.S. 147, 154-155 (1979); *Commissioner v. Sunnen, supra* at 598; *Peck v. Commissioner,* 90 T.C. 162, 166-167 (1988), affd. 904 F.2d 525 (9th Cir. 1990).

Collateral estoppel also applies to findings of fact that were actually litigated and decided in an earlier proceeding between the same parties and that were essential to the judgment entered in the earlier proceeding. *Montana v. United States, supra* at 153; *Meza v. General Battery Corp.,* 908 F.2d 1262, 1273 (5th Cir. 1990); *Meier v. Commissioner, supra* at 282; *Peck v. Commissioner, supra* at 166.

Collateral estoppel, however, does not apply to issues of law or to findings of fact if the party against whom collateral estoppel is asserted did not have a full and fair opportunity to litigate the issues of law or the findings of fact in the earlier proceeding. *Montana v. United States, supra* at 153-154; *Hardy v. Johns-Manville Sales Corp., supra* at 338; *Meier v. Commissioner, supra* at 283.

For obvious reasons, where a trial court's judgment is vacated, reversed, or set aside by an appellate court, collateral estoppel will not apply to the trial court's conclusions of law or findings of fact. *Hicks v. Quaker Oats Co.,* 662 F.2d 1158, 1168 (5th Cir. 1981); *Simpson v. Motorists Mut. Ins. Co.,* 494 F.2d 850, 854 (7th Cir. 1974); *DeNafo v. Finch,* 436 F.2d 737, 740 (3d Cir. 1971); *Larchmont Found., Inc. v. Commissioner,* T.C. Memo. 1982-145; 1B Moore, Moore's Federal Practice, par. 0.416[2], at 517 (2d ed. 1993).

Although the Tax Court has not addressed the question, numerous courts have held that where a trial court's conclusions of law or its findings of fact are challenged on appeal and where the appellate court affirms the trial court's judgment on grounds different from those relied upon by the trial court and does not pass on the trial court's conclusions of law or findings of fact, collateral estoppel will not apply to the

trial court's conclusions of law or findings of fact. *Synanon Church v. United States,* 820 F.2d 421, 425 (D.C. Cir. 1987); *Gelb v. Royal Globe Ins. Co.,* 798 F.2d 38, 45 (2d Cir. 1986); *Standard Oil Co. of Cal. v. United States,* 231 Ct. Cl. 112, 685 F.2d 1337, 1341 (1982); *Hicks v. Quaker Oats Co., supra* at 1168; *Martin v. Henley,* 452 F.2d 295, 300 (9th Cir. 1971); *International Refugee Org. v. Republic S.S. Corp.,* 189 F.2d 858, 862 (4th Cir. 1951); *Allegheny County v. Maryland Casualty Co.,* 146 F.2d 633, 637 (3d Cir. 1944); *Moran Towing & Transp. Co. v. Navigazione Libera Triestina, S.A.,* 92 F.2d 37, 40 (2d Cir. 1937); see also *Stebbins v. Keystone Ins. Co.,* 481 F.2d 501, 507 n.13 (D.C. Cir. 1973); 1B Moore, Moore's Federal Practice, par. 0.416[2] (2d ed. 1993); 18 Wright et al., Federal Practice and Procedure, sec. 4421, at 205 (1981); Scott, "Collateral Estoppel by Judgment", 56 Harv. L. Rev. 1, 15 (1942).

The underlying rationale for this limitation on collateral estoppel is that, where an appellate court does not pass on a trial court's conclusions of law or findings of fact with regard to a particular issue that is appealed, the party who lost before the trial court has not had a full and fair opportunity to litigate, at the appellate level, the trial court's conclusions of law or findings of fact. See *Gelb v. Royal Globe Ins. Co., supra* at 45; *Standard Oil Co. of Cal. v. United States, supra* at 1342. Under this limitation, where a trial court's conclusions of law or findings of fact are not passed on by the appellate court, the trial court's conclusions of law or findings of fact are effectively set aside, and the trial court's conclusions of law or findings of fact cannot be used as the basis for collateral estoppel in a subsequent proceeding between the same parties. See *Standard Oil Co. of Cal. v. United States, supra* at 1342; 18 Wright et al., *supra.*

We agree with and adopt this limitation on the doctrine of collateral estoppel.

Petitioner herein argues that respondent should be estopped from arguing that the value of each master audio tape is not at least $100,000, as found by the District Court in the injunction proceeding under sections 6700 and 7408. Petitioner argues that collateral estoppel applies herein notwithstanding the Fifth Circuit's failure to pass on the District Court's finding of fact as to the value of the master audio tapes.

In the injunction proceeding under sections 6700 and 7408, the District Court's findings of fact (including its finding as to the value of the master audio tapes) were challenged by respondent in the appeal to the Fifth Circuit. In its one-paragraph opinion, the Fifth Circuit specifically declined to pass on any of the District Court's findings of fact and instead affirmed the District Court's judgment on grounds different from those relied upon by the District Court. Respondent, therefore, in the earlier proceeding did not receive effective appellate review of the District Court's finding of fact as to the value of the master audio tapes. We hold that collateral estoppel does not bar respondent in this proceeding from arguing that the value of each master audio tape was less than $100,000.

As the parties have not yet had an opportunity to brief the issues remaining for decision in this proceeding,

*An appropriate order will be issued.*