T.C. Memo. 2009-136

UNITED STATES TAX COURT

SOLOMON WINDHEIM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23188-07.                    Filed June 10, 2009.

Solomon Windheim, pro se.

<u>Lisa P. Lafferty</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  The issue for decision concerns the taxation of income from a partnership in which petitioner holds legal title but of which he denies that he is the beneficial owner.

Respondent determined Federal income tax deficiencies and additions to tax against petitioner as follows:

|  |  | Additions to Tax | | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| 2000 | $26,790 | $6,028 | $6,698 | $1,441 |
| 2001 | 14,075 | 3,167 | 3,519 | 557 |
| 2002 | 20,904 | 4,703 | 4,076 | 699 |
| 2003 | 15,870 | 3,571 | 2,142 | 409 |

After concessions, the issues for decision are:

(1)  Whether petitioner is liable for tax on partnership income from Martinique Realty Associates, L.P. (Martinique), during the years at issue.  We hold petitioner is not liable;

(2)  whether petitioner is liable for additions to tax for failure to file under section 6651(a)(1), failure to pay under section 6651(a)(2), and failure to pay estimated taxes under section 6654(a) for the years at issue.[1]  We hold petitioner is not liable.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, the accompanying exhibits, and the stipulation of settled issues are incorporated herein by this reference.  Petitioner resided in Montreal, Quebec, Canada, at the time of filing his petition.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Amounts are rounded to the nearest dollar.

During the years at issue petitioner held legal title to an 18.879-percent limited partnership interest in Martinique. Martinique is a limited partnership that owns real estate in New York.[2] Petitioner acquired legal title to the Martinique partnership interest from his late father, Joseph Windheim, in 1976.

In 1959 Joseph Windheim formed Les Promotions Taillon Limitee (Taillon).[3] Before 1981 Joseph Windheim was Taillon's sole shareholder. At the time of Joseph Windheim's death in 1981 he had transferred all of his Taillon stock to petitioner and petitioner's sister. From 1981 through 2003 petitioner and his sister each owned 50 percent of Taillon. Petitioner served as an officer and director of Taillon from at least 1981 through 2003. Taillon was a family investment management company with investments in securities and real estate. Taillon maintained a bank account (the Taillon account) with Toronto Dominion Bank (TD Bank). Before the years at issue petitioner treated the Taillon account as a family bank account with his mother, sister, and wife. The family members used the Taillon account to pay their personal living expenses and routinely deposited their

---

[2]Martinique was formerly known as Martinique Twelve Kew Gardens Corp.

[3]Taillon was originally incorporated as Efficiency Development, Ltd., and changed its name in 1967.

personal funds into the account.  During this time petitioner did not have a personal bank account.

Over time disputes arose between petitioner and his sister over the management of Taillon.  Petitioner instituted a lawsuit in Canada to liquidate Taillon.  In the liquidation action petitioner accused his sister of misappropriating Taillon's assets and excluding him from Taillon's business and operations beginning in 1995.  The court found that petitioner and his sister had agreed to divide Taillon's management in 1995, and after 1995 the sister managed the real estate investments and petitioner managed the stock portfolio, which subsequently became worthless.  The Canadian court denied petitioner's request to liquidate Taillon.

Family disputes continued after 1995.  Petitioner's sister and mother continued to use the Taillon account to cash checks. When petitioner's mother and sister made deposits into the Taillon account, they would withdraw the deposits shortly thereafter. During this time the account generally maintained a nominal balance.  Petitioner remained an authorized signatory on the Taillon account but did not use the account during the years at issue.  Taillon did not pay petitioner's personal expenses during the years at issue.

In 1998 petitioner brought an action against TD Bank in a Canadian court (the Canadian lawsuit) for negligently honoring

three distribution checks from Martinique totaling $149,635. The checks were payable to petitioner in care of his mother. Martinique mailed the checks to petitioner's mother's address consistent with past practice. Petitioner's sister signed her mother's name to endorse the checks, deposited the checks into the Taillon account, and shortly thereafter withdrew the deposited funds. Before discovering the three distribution checks giving rise to the Canadian lawsuit, petitioner was not aware that Martinique issued distribution checks in his name in care of his mother. TD Bank impleaded petitioner's mother, sister, and Taillon as defendants in the Canadian lawsuit.

In response to the Canadian lawsuit petitioner's mother filed a lawsuit in New York against petitioner and Martinique to prohibit Martinique from issuing distribution checks to petitioner. In December 2000 the New York court awarded petitioner's mother a constructive trust over distributions paid with respect to the partnership interest to which petitioner held legal title and ordered Martinique to pay all distributions to petitioner's mother until entry of a decision in the Canadian lawsuit. The New York court further ordered Martinique to follow the Canadian court's decision regarding distributions. The New York court found that petitioner's father transferred the Martinique partnership interest to petitioner's name for convenience only because petitioner was living in New York at the

time.  The New York court found that petitioner's mother and sister had an interest in the Martinique distribution checks but did not expressly address who held beneficial ownership of the partnership interest.

In July 2001 the Canadian court determined that petitioner had a beneficial interest in Martinique.  The Canadian court further held that TD Bank negligently honored the Martinique checks and that petitioner was the owner of the proceeds from the three checks.  The Canadian court ordered TD Bank to pay the proceeds of the three distribution checks to petitioner and ordered petitioner's mother and sister to indemnify TD Bank for the payment.  TD Bank, Taillon, petitioner's mother, and his sister appealed.  During the pendency of the appeal Martinique continued to pay distribution checks to petitioner's mother pursuant to the New York court order.

Following the Canadian court's decision petitioner attempted to transfer beneficial ownership of the Martinique partnership interest to his minor child and legal title to his wife. However, Martinique refused to transfer ownership of the partnership interest because the Canadian lawsuit was still pending.  In November 2003 the Canadian appellate court reversed the lower court's decision and held that TD Bank was not negligent in honoring the checks because petitioner's sister was authorized to conduct transactions with respect to the Taillon

account on the basis of the family's past practices.  The Canadian appellate court did not address who held beneficial ownership of the Martinique partnership interest.  The question of beneficial ownership was not material to the Canadian appellate court's decision because the lawsuit was against TD Bank and not petitioner's mother or sister.  After the Canadian appellate court decision, petitioner contacted an attorney regarding an action against his sister.  The attorney informed petitioner that the statute of limitations barred any further action.  Petitioner did not initiate any legal action to redirect payment of the Martinique distribution checks or to recover past distributions paid to his mother.

For each year at issue Martinique issued a Schedule K-1, Partner's Share of Income, Credits, Deductions, etc., in petitioner's name in care of his mother with respect to the partnership interest to which petitioner held legal title. Petitioner did not file an income tax return or pay income tax for any year at issue.

OPINION

A partner must take into account his distributive share of each item of partnership income, gain, loss, deduction, and credit when determining his individual income tax.  Sec. 702(a). Each partner is taxed on his distributive share of partnership income regardless of whether the income is actually distributed.

Vecchio v. Commissioner, 103 T.C. 170, 185 (1994); sec. 1.702-1(a), Income Tax Regs.

Although petitioner holds record title to the Martinique partnership interest, he contends that he was not the beneficial owner for Federal tax purposes during the years at issue. Beneficial ownership, not legal title, determines ownership for Federal income tax purposes. Ragghianti v. Commissioner, 71 T.C. 346, 349 (1978), affd. without published opinion 652 F.2d 65 (9th Cir. 1981); Pac. Coast Music Jobbers, Inc. v. Commissioner, 55 T.C. 866, 874 (1971), affd. 457 F.2d 1165 (5th Cir. 1972). The determination of the beneficial ownership of a partnership interest is made at the partner level. Grigoraci v. Commissioner, T.C. Memo. 2002-202. Beneficial ownership is not a partnership item subject to the partnership unified audit and litigation procedures enacted by the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, sec. 402, 96 Stat. 648. Id.

Beneficial ownership is determined by actual command over the property or enjoyment of its economic benefits. Hang v. Commissioner, 95 T.C. 74, 80 (1990); Cepeda v. Commissioner, T.C. Memo. 1994-62, affd. without published opinion 56 F.3d 1384 (5th Cir. 1995). In determining beneficial ownership the Court considers who has the greatest number of attributes of ownership. Ragghianti v. Commissioner, supra at 349; Baird v. Commissioner,

68 T.C. 115, 124 (1977).  Relevant factors include receipt of economic benefits from the partnership interest, control over the disposition of the partnership interest, obligations and risks with respect to the partnership interest, and the manner in which the parties treat the partnership interest.  See Graham v. Commissioner, T.C. Memo. 2005-68, affd. 257 Fed. Appx. 4 (9th Cir. 2007); see also Grodt & McKay Realty, Inc. v. Commissioner, 77 T.C. 1221, 1237-1238 (1981).

We hold that petitioner was not the beneficial owner of the Martinique partnership interest during the years at issue. Petitioner did not have the ability to direct or control the disposition of the partnership interest.  He could not alienate, encumber, or receive assets in redemption of the partnership interest as respondent contends.  Although the New York court order created a constructive trust over only the distribution checks and not the partnership interest, the New York order effectively prevented petitioner from transferring legal title and beneficial ownership.  After entry of the New York order, petitioner requested that Martinique transfer legal title to his wife and beneficial ownership to his daughter.  Martinique refused to honor the request because the ownership issue was not resolved in the Canadian lawsuit, which was on appeal.

In addition, petitioner did not receive an economic benefit from the partnership interest during the years at issue.

Martinique issued the distribution checks to petitioner's mother. For a significant portion of the years at issue, December 2000 to November 2003, the New York court order directed payment of the distribution checks to petitioner's mother. Petitioner credibly testified that he did not receive any distributions from Martinique during the years at issue. We find that Martinique mailed any distributions made either before or after the New York order to petitioner's mother in accordance with Martinique's past practice. There is no evidence in the record that petitioner's mother deposited the distribution checks she received during the years at issue into the Taillon account or that petitioner benefited in any way from the distributions. Petitioner credibly testified that he did not use the Taillon account to pay his personal expenses during the years at issue. Petitioner no longer lived at a family-owned residence and was on increasingly bad terms with his sister. In the light of the family disputes and ongoing litigation, it is reasonable to assume that petitioner's mother and sister did not deposit the distribution checks into the Taillon account. We acknowledge that petitioner's argument that he is not the beneficial owner of the partnership interest is inconsistent with his positions in

previous lawsuits.[4]  Despite this inconsistency, we find petitioner's testimony to be credible.

Respondent argues that the lower court in the Canadian lawsuit was the only court to decide the question of beneficial ownership.  The Canadian lower court decision does not preclude petitioner from contesting his beneficial ownership for Federal tax purposes because that court decision was reversed on appeal.  See Hudson v. Commissioner, 100 T.C. 590, 593 (1993) (collateral estoppel does not apply to a trial court's conclusions of law or findings of fact when an appellate court has vacated, reversed, or set aside the trial court's decision), affd. without published opinion 71 F.3d 877 (5th Cir. 1995).  The Canadian appellate court did not address who was the beneficial owner of the partnership interest.  Petitioner argues that the New York court order still controls payment of the distribution checks to his mother because the Canadian lawsuit did not resolve the ownership issue or the right to receive the Martinique distributions.  Respondent argues that petitioner could have pursued further legal action to enforce his ownership rights but instead decided

---

[4]Respondent also points out an inconsistency in petitioner's trial testimony that Taillon stopped paying his personal expenses in 1995 and the findings of the Canadian court in the liquidation action that he used the Taillon account to pay his personal expenses at least until 1998.  In its May 2003 decision denying liquidation the Canadian court made no findings with respect to the years at issue.  We do not find this discrepancy to be significant for purposes of the years at issue.

to allow his mother to continue to receive the Martinique distributions. Irrespective of whether petitioner could have initiated further legal action, we find that petitioner was not the beneficial owner during the years at issue.

Petitioner's late father transferred legal title of the partnership interest to petitioner for purposes of convenience because petitioner was living in New York at the time. See Hook v. Commissioner, 58 T.C. 267, 276 (1972) (attorney held record ownership of stock as an accommodation to his client). At no time has the family treated petitioner as the beneficial owner of the partnership interest. Nor has petitioner acted as the beneficial owner of the partnership interest, except during the unsuccessful litigation and his unsuccessful attempt to transfer the partnership interest. Petitioner's mother received the partnership distributions both before and during the years at issue. While petitioner may have benefited from the distributions in prior years because they were deposited into the Taillon account, we find that petitioner did not receive an economic benefit from the distributions during the years at issue.

Accordingly, we hold that petitioner is not the beneficial owner of the Martinique partnership interest and is not subject to tax on the partnership income attributable to the partnership interest. Petitioner is not liable for the additions to tax

because respondent has not established that there is an understatement or underpayment of tax for the years at issue. See sec. 7491(c); Rule 142(a).

To reflect the foregoing,

<u>Decision will be entered for petitioner</u>.